IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANTE R. VOSS,

                Plaintiff,

    v.

ROBERT MIELKE, BENJAMIN BLIVEN,
MATTHEW BARNES, TODD BAETEN,
ROY E. UMLAUF, MARATHON COUNTY CEO,
SHIRLY LANG, LAURIE BURNS, SCOTT R. PARKS,
SANDRA LA DU-IVES, SHEILA WESTCOTT,
NATHAN R. KAUER, JOHN R. DENOVI,
BRETT T. KLUG, BEE J. LEE, JESSICA M. HINZ,
SHAWN P. BLASCHKA, LINCOLN COUNTY CEO,
JEFF JAEGER, DAVE MANNINEN,
CORRECT CARE SOLUTIONS, CEO OF CCS,
DOCTOR OF CCS, NURSE PRACTITIONER OF
CCS, REGISTERED NURSE OF CCS, and
LPN OF MEDICAL CONTRACTOR,

                Defendants.

OPINION & ORDER

18-cv-540-jdp

---

        Pro se plaintiff and prisoner Dante R. Voss has filed a 77-page complaint in which he alleges that various public officials and health-care providers violated his rights under both state and federal law while he was being detained at the Marathon County Jail and the Lincoln County Jail between 2015 and 2017. Voss has made an initial partial payment of the filing fee in accordance with 28 U.S.C. § 1915(b)(1), so his complaint is ready for screening under 28 U.S.C. §§ 1915(e)(2) and 1915A. I conclude that I cannot allow Voss to proceed on any claims at this time because his complaint includes unrelated claims against different defendants. I will give Voss an opportunity to choose which claims he wants to pursue in this case, which claims he wants to pursue in a different case, and which claims he wants to dismiss without prejudice to refiling them at a later date.

Under Rule 20 and Rule 21 of the Federal Rules of Civil Procedure and a court's inherent authority, a lawsuit may be severed into multiple lawsuits when it includes unrelated claims against different defendants. *Lee v. Cook Cty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011); *In re High Fructose Corn Syrup Antitrust Lit.*, 361 F.3d 439, 441 (7th Cir. 2004); *Aiello v. Kingston*, 947 F.2d 834, 835 (7th Cir. 1991). As the Court of the Appeals for the Seventh Circuit has stated, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). Lawsuits with so many unrelated claims are both unfair to defendants (who must participate in proceedings that have little to do with them) and difficult to manage for the court and the plaintiff (who may find it impossible to litigate so many claims at the same time, with or without a lawyer). *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) ("[U]nrelated claims against different defendants belong in separate lawsuits . . . to prevent the sort of morass produced by multi-claim, multi-defendants suits.") (internal quotations omitted). Thus, when a plaintiff tries to cram too much into one case, the court may require the plaintiff "to file separate complaints, each confined to one group of injuries and defendants." *Wheeler,* 689 F.3d at 683.

A review of Voss's complaint reveals that it includes at least four separate lawsuits, which are identified below:

1) several officers used excessive force against him in the context of an arrest in July 2016 and other officers failed to intervene, in violation of state and federal law;

2) between 2015 and 2017, various health-care providers and supervisory officials failed to provide adequate medical care for chronic pain in his back, neck, hip, and shoulder, in violation of state and federal law;

3) various county officials failed to give him adequate notice of debts he allegedly owed related to multiple court cases and defendant Laurie Burns breached a

> contract with him not to "take any action on the debts," in violation of state and federal law; and
>
> 4) various jail officials failed to give him adequate notice of deductions to his trust fund account and of debts he allegedly owed, in violation of state and federal law.

Under *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), I may apply the initial partial payment that Voss has made to only one of the four lawsuits I have identified above. Voss will have to choose which lawsuit that is. That lawsuit will be the only lawsuit assigned to this case number.

As for the other three potential lawsuits, Voss has to make a choice. One option for Voss is to pursue the other lawsuits separately. If he chooses that option, he will be required to pay a separate filing fee for each lawsuit. He will also receive a "strike" under 28 U.S.C. § 1915(g) for any lawsuit that is dismissed for failure to state a claim upon which relief may be granted or one of the other reasons listed in § 1915(g). As Voss may be aware, once a prisoner receives three strikes, he is not able to proceed in new cases without first paying the full filing fee except in narrow circumstances. 28 U.S.C. § 1915(g).

Alternatively, Voss may choose to dismiss one or more of the other lawsuits voluntarily. If he chooses this route, he will not owe additional filing fees or face a strike for any lawsuit he dismisses. Any lawsuit dismissed voluntarily would be dismissed without prejudice, which means that Voss would be able to bring it at another time, so long as he files it before the statute of limitations has run. (In Wisconsin, the statute of limitations for a claim brought under 42 U.S.C. § 1983 is six years. *Reget v. City of La Crosse*, 595 F.3d 691, 694 (7th Cir. 2010). His state law claims may have different statutes of limitations.)

Because it is not clear at this time which of Voss's separate lawsuits he will pursue, I have not assessed the merits of the claims raised in any of the lawsuits identified above or

determined whether they provide fair notice of his claims, as required by Rule 8 of the Federal Rules of Civil Procedure. Once Voss identifies the suit or suits he wants to continue to litigate, I will screen the complaint as required under 28 U.S.C. § 1915(e)(2) and § 1915A. Because Voss faces filing fees and potential strikes for each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

If Voss disagrees with the way I have grouped his claims or if he believes I have left out claims he intended to assert or included claims he did not intend to assert, he may raise those objections, but he must still comply with this order and choose which of the four lawsuits he wishes to pursue. If he fails to do so, I will dismiss all of his claims for his failure to comply with a court order.

Voss also filed a motion for assistance in recruiting counsel. Dkt. 4. I will deny this motion without prejudice. Voss is indigent and he lists several law firms that he says have not responded to his letters. *Bracey v. Grondin*, 712 F.3d 1012, 1016 (7th Cir. 2013) ("To qualify [for court assistance], the indigent litigant must make reasonable efforts at finding counsel himself."). But it is too soon to tell whether the case is too difficult or complex for Voss to litigate on his own, which is the standard for determining whether a prisoner is entitled to assistance in recruiting counsel. *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007).

Although the complaint has some procedural problems, it is relatively easy to follow and shows that Voss is knowledgeable of the law governing his case. He does not allege that he suffers from any mental health conditions that would prevent him from acting as his own advocate. At the very least, Voss has shown that he is capable of following the instructions in

this order and choosing which lawsuits he wishes to pursue. If later events show that Voss cannot litigate the case on his own, he is free to renew his motion at that time.

ORDER

IT IS ORDERED that:

1. Plaintiff Dante R. Voss may have until September 14, 2018, to identify for the court whether he wishes to proceed with lawsuit 1), 2), 3), OR 4) under the case number assigned to this case. Voss must pick one and only one of these lawsuits to proceed under case no. 18-cv-540-jdp.

2. Also by September 14, Voss is to tell the court which other lawsuits he wishes to pursue under separate case numbers, if any, and which lawsuits he will dismiss voluntarily, if any.

3. For any lawsuit that Voss dismisses voluntarily, he will not owe a filing fee and he will be permitted to refile the dismissed claims at a later date, so long as he complies with the statute of limitations.

4. For each lawsuit Voss chooses to pursue, he will owe a separate filing fee.

5. Once Voss chooses which lawsuits he wants to pursue, I will screen the claims to determine whether they state a claim upon which relief may be granted. If Voss fails to respond to this order by September 14, I will enter an order dismissing his claims without prejudice for his failure to prosecute them.

6. Voss's motion for assistance in recruiting counsel, Dkt. 4, is DENIED.

Entered August 30, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge