IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANTE R. VOSS,

               Plaintiff,

  v.

ROBERT MIELKE, BENJAMIN BLIVEN,
MATTHEW BARNES, TODD BAETEN,
ROY E. UMLAUF, MARATHON COUNTY CEO,
SHIRLY LANG, LAURIE BURNS, SCOTT R. PARKS,
SANDRA LA DU-IVES, SHEILA WESTCOTT,
NATHAN R. KAUER, JOHN R. DENOVI,
BRETT T. KLUG, BEE J. LEE, JESSICA M. HINZ,
SHAWN P. BLASCHKA, LINCOLN COUNTY CEO,
JEFF JAEGER, DAVE MANNINEN,
CORRECT CARE SOLUTIONS, CEO OF CCS,
DOCTOR OF CCS, NURSE PRACTITIONER OF
CCS, REGISTERED NURSE OF CCS, and
LPN OF MEDICAL CONTRACTOR,

               Defendants.

OPINION & ORDER

18-cv-540-jdp

---

Pro se plaintiff Dante Voss has filed his second motion for assistance in recruiting counsel. Dkt. 12. For the reasons explained below, I will deny the motion and direct Voss to comply with my August 30, 2018 order.

Voss is a prisoner at the Oshkosh Correctional Institution. He filed a 77-page complaint about alleged violations of federal and state law that occurred at the Marathon County Jail and the Lincoln County Jail between 2015 and 2017. I concluded that Voss's complaint violated Rule 20 of the Federal Rules of Civil Procedure because it included unrelated claims against different defendants. Specifically, the complaint includes claims that should be separated into four lawsuits:

1) several officers used excessive force against him in the context of an arrest in July 2016 and other officers failed to intervene, in violation of state and federal law;

2) between 2015 and 2017, various health-care providers and supervisory officials failed to provide adequate medical care for chronic pain in his back, neck, hip, and shoulder, in violation of state and federal law;

3) various county officials failed to give him adequate notice of debts he allegedly owed related to multiple court cases and defendant Laurie Burns breached a contract with him not to "take any action on the debts," in violation of state and federal law; and

4) various jail officials failed to give him adequate notice of deductions to his trust fund account and of debts he allegedly owed, in violation of state and federal law.

I directed Voss to choose which claims he wants to pursue in this case, which claims (if any) he wants to pursue in a different case, and which claims (if any) he wants to dismiss without prejudice to refiling them at a later date. I also denied Voss's first motion for assistance in recruiting counsel on the ground that he was capable of choosing which lawsuits he wanted to litigate.

Voss has failed to comply with the court's order. Instead, he renewed his motion for appointment of counsel on the following grounds: another prisoner helped him draft the complaint but is no longer able to assist him; he suffers from bipolar disorder, post-traumatic stress disorder, and a sleep disorder; he does not have a hard copy of his complaint; he has limited access to the law library.

None of these concerns prevent Voss from completing the relatively simple task of choosing which lawsuits he wants to litigate without a lawyer. Voss does not need someone with legal expertise to help him decide which of the lawsuits he wants to pursue. At this point, all Voss has to do is determine:

- how many filing fees can he afford to pay, how many initial partial payments is he prepared to make, and how many lawsuits does he wish to litigate at the same time? and

- if he cannot afford to litigate four lawsuits or is otherwise unable to do so, which lawsuit or lawsuits are most important to him? Voss does not identify any

symptoms caused by his mental health concerns that would prevent him from answering those basic questions.

The court will provide Voss a copy of his complaint. In the future, Voss should keep a copy of all documents for his own files. If he cannot afford to make photocopies, he may send out identical handwritten or typed copies of his documents.

ORDER

IT IS ORDERED that:

1. Voss may have until October 5, 2018, to identify for the court whether he wishes to proceed with lawsuit 1), 2), 3), OR 4) under the case number assigned to this case. Voss must pick one and only one of these lawsuits to proceed under case no. 18-cv-540-jdp.

2. Also by October 5, Voss is to tell the court which other lawsuits he wishes to pursue under separate case numbers, if any, and which lawsuits he will dismiss voluntarily, if any.

3. For any lawsuit that Voss dismisses voluntarily, he will not owe a filing fee and he will be permitted to refile the dismissed claims at a later date, so long as he complies with the statute of limitations.

4. For each lawsuit Voss chooses to pursue, he will owe a separate filing fee.

5. Once Voss chooses which lawsuits he wants to pursue, I will screen the claims to determine whether they state a claim upon which relief may be granted. If Voss fails to comply

with this order by October 5, I will enter an order dismissing his claims without prejudice for his failure to prosecute them.

6. Voss's motion for assistance in recruiting counsel, Dkt. 12, is DENIED.

Entered September 21, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge