IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANTE R. VOSS,

                Plaintiff,

  v.

MARATHON COUNTY, SCOTT R. PARKS,
SANDRA LA DU-IVES, LINCOLN COUNTY,
JEFF JAEGER, DAVE MANNINEN,
CORRECT CARE SOLUTIONS, CEO OF CCS,
DOCTOR OF CCS, NURSE PRACTITIONER OF
CCS, REGISTERED NURSE OF CCS, and LPN OF
MEDICAL CONTRACTOR,

                Defendants.

OPINION and ORDER

18-cv-540-jdp

---

Pro se plaintiff Dante R. Voss is proceeding on several claims under federal and state law related to medical problems he suffered while incarcerated at Marathon County Jail and Lincoln County Jail between 2015 and 2017. But I stayed service of the complaint to allow Voss to identify which defendants were personally involved in denying his request for a second mattress and which defendants denied his requests for migraine medication and muscle relaxers in July, August, and December 2017. Dkt. 17.

Voss has filed a supplement to his complaint in accordance with my order. Dkt. 18. He alleges that the Nurse of CCS denied his request for a second mattress in July, August, and December 2017. He also alleges that the Nurse of CCS denied his requests for migraine medication and muscle relaxers during the same time. So I will allow Voss to proceed on these claims against the unnamed nurse.

Voss also moves for assistance in recruiting counsel. Dkt. 19. But nothing has changed since I denied Voss's last request for counsel. Dkt. 11, at 4–5. It is still too early to tell whether

the case will be too difficult or complex for Voss to litigate on his own, which is the standard for recruiting counsel. *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007).

The merits of plaintiff's claim may involve complicated legal and factual questions, but there is a simpler threshold issue. Specifically, because Voss is a prisoner, he is required to exhaust his administrative remedies before filing a lawsuit about his treatment in prison. 42 U.S.C. § 1997e(a). Although Voss does not have to show in his complaint that he complied with § 1997e(a), defendants may move to dismiss his claims at a later date if he failed to use an available grievance process before filing this case. For this reason, it is this court's general policy to defer decisions about counsel until after any issues about exhaustion of administrative remedies are resolved. Because defendants have the burden to show that Voss did not properly complete the exhaustion process and issues about exhaustion generally are simpler than the merits and require little discovery, counsel often is not needed for that issue.

In this case, Voss has made no showing that he is unable to litigate the relatively simple issue of exhaustion. His complaint was relatively clear and easy to follow. His filings in general show that he has a basic understanding of the laws and procedures relevant to his claim. And he has shown that he is able to comply with court orders.

So I am denying Voss's motion for assistance in recruiting counsel. If his claim survives any motion by defendants to dismiss his case for failure to exhaust his administrative remedies or if defendants do not file such a motion before the deadline for doing so, Voss is free to renew his motion at that time.

ORDER

IT IS ORDERED that:

1. Plaintiff Dante R. Voss is GRANTED leave to proceed on the following claims:

    a.  as a result of policies by defendants Marathon County, Correct Care Solutions, the unnamed CEO of CCS, Scott Parks, and Sandra La Du-Ives, an unidentified nurse denied Voss narcotic pain medication on June 2, and June 16–30, 2015, in violation of the Due Process Clause and Wisconsin common law;

    b.  as a result of policies by defendants Marathon County, Lincoln County, Correct Care Solutions, the unnamed CEO of CCS, Jeff Jaeger, Scott Parks, Dave Manninen, and Sandra La Du-Ives, an unnamed nurse practitioner denied Voss's requests for an MRI of his hip, neck, and back, and failed to provide any effective treatment for that pain from 2015 to 2017, in violation of the Due Process Clause and Wisconsin common law;

    c.  as a result of policies by defendants Marathon County, Lincoln County, Correct Care Solutions, the unnamed CEO of CCS, Jeff Jaeger, Scott Parks, Dave Manninen, and Sandra La Du-Ives, an unnamed psychiatrist and an unnamed nurse practitioner refused to prescribe Voss valium to help with nerve pain and post-traumatic stress disorder, in violation of the Due Process Clause and Wisconsin common law;

    d.  as a result of policies by defendants Marathon County, Correct Care Solutions, the unnamed CEO of CCS, Scott Parks, and Sandra La Du-Ives between July 31 and August 3, 2017, and between December 14 and December 18, 2017, an unnamed nurse denied Voss migraine and muscle relaxer medications, in violation of the Due Process Clause and Wisconsin common law.

    e.  between July 31 and August 3, 2017, and between December 14 and December 18, 2017, an unnamed nurse failed to provide Voss a second mattress to help with his pain,

3

2. The clerk of court is directed to forward summonses, Voss's original complaint, Dkt. 1, the supplement to his complaint, Dkt. 18, the original screening order, Dkt. 17, and this order to the U.S. Marshals for service on the defendants.

3. Voss's motion for assistance in recruiting counsel, Dkt. 19, is DENIED.

Entered November 30, 2018.

                          BY THE COURT:

                          /s/

                          _____
                          JAMES D. PETERSON
                          District Judge