IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANTE R. VOSS,

                Plaintiff,

  v.

MARATHON COUNTY, SCOTT R. PARKS,
SANDRA LA DU-IVES, LINCOLN COUNTY,
JEFF JAEGER, DAVE MANNINEN,
CORRECT CARE SOLUTIONS, JORGE DOMINICIS,
BABATUNDE OKULEYE, RUSSELL CREEL,
HOLLY MARON, KRISTIN GAICHE,
JESSE BORCHARDT, and JOHN MEXNER,

                Defendants.

OPINION and ORDER

18-cv-540-jdp

---

Pro se plaintiff and prisoner Dante Voss is suing jail staff and their employers for failing to provide adequate medical care while he was housed at the Marathon County jail and Lincoln County jail between 2015 and 2017. The following motions are before the court: (1) defendant Correct Care Solutions' motion to compel Voss to sign a release of his medical records, Dkt. 62; (2) Voss's motion to stay Correct Care's motion to compel until resolution of the question whether Voss exhausted his administrative remedies, Dkt. 73; (3) Voss's motion for leave to file an amended complaint, Dkt. 79; and (4) Voss's motion to direct service on the defendants named in his amended complaint, Dkt. 80.

None of these motions require extended discussion. I will deny Correct Care's motion to compel without prejudice. Under the preliminary pretrial conference order, all discovery is stayed pending resolution of a defendant's motion for summary judgment related to the issue of exhaustion. *See* Dkt. 47, at 10. The parties are currently briefing such a motion. *See* Dkt. 82.

Because the exhaustion motion could change the scope of the case, it makes little sense to determine the appropriate scope of a medical release until the motion is resolved.[1] Because I am denying Correct Care's motion without prejudice, I will deny as moot Voss's motion to "stay" Correct Care's motion. Once I decide the exhaustion issue, defendants are free to renew their request for a medical release.

I will deny Voss's motion for leave to amend his complaint because it is unnecessary. On June 28, 2019, Voss filed what he called a "first amended complaint" for the sole purpose of identifying "John Doe" defendants. *See* Dkt. 65. Because the "amended complaint" doesn't include all of Voss's allegations from his original complaint, Voss wants to file another "amended complaint" that clarifies that he is incorporating all the allegations from his original complaint. I see no reason to require Voss to go through this additional step. Instead, I will construe the "amended complaint" as a supplement to the original complaint. In other words, I will construe the two documents collectively as one operative pleading. The scope of Voss's claims remains the same as his original complaint with the exception that the new defendants —Jorge Dominicis, Babatunde Okuleye, Russell Creel, Holly Maron, Kristin Gaiche, Jesse Borchardt, and John Mexner—are substituted for the John Does. Because I already concluded in the screening order that Voss stated a claim against the John Doe defendants, I will direct

---

[1] In its reply brief in support of its motion to compel (filed a few days before its summary judgment motion), Correct Care said that it couldn't file a motion on exhaustion without Voss's medical records. Dkt. 76, at 3. Correct Care didn't explain how Voss's medical records were relevant to a determination whether Voss complied with the grievance process, but Correct Care has since filed an exhaustion motion. Because I see nothing in defendants' summary judgment brief suggesting that they were unable to acquire all documents relevant to their motion, I will assume that this issue is moot.

the clerk of court to prepare summonses for the new defendants, with the exception of Dominicis, who has already answered the complaint.

ORDER

IT IS ORDERED that:

1. Defendant Correct Care Solutions' motion to compel, Dkt. 62, is DENIED without prejudice.

2. Plaintiff Dante Voss's motion to stay proceedings, Dkt. 73, is DENIED as moot.

3. Voss's motion for leave to amend his complaint, Dkt. 79, is DENIED. Voss's original complaint, Dkt. 1, and his supplement to the complaint, Dkt. 65, will be construed together as the operative pleading.

4. Voss's motion to direct service on the new defendants, Dkt. 80, is GRANTED. The clerk of court is directed to forward summonses, the original complaint, Dkt. 1, the supplement to the complaint, Dkt. 65, the orders severing the case and screening the complaint, Dkts. 16, 17, 22, and 35, and this order to the United States Marshals Service for service on defendants Babatunde Okuleye, Russell Creel, Holly Maron, Kristin Gaiche, Jesse Borchardt, and John Mexner.

Entered August 13, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge