IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANTE R. VOSS,

                Plaintiff,

   v.

MARATHON COUNTY, SCOTT R. PARKS,
SANDRA LA DU-IVES, LINCOLN COUNTY,         OPINION and ORDER
JEFF JAEGER, DAVE MANNINEN,
CORRECT CARE SOLUTIONS, JORGE DOMINICIS,     18-cv-540-jdp
BABATUNDE OKULEYE, RUSSELL CREEL,
HOLLY MARON, KRISTIN GAICHE,
JESSE BORCHARDT, JOHN MEXNER, and AMY
KUBISIAK,

                Defendants.

---

Pro se plaintiff and prisoner Dante Voss is proceeding on several claims about his medical care at the Marathon County and Lincoln County jails between 2015 and 2017. Two motions are before the court: (1) a motion for summary judgment filed by defendants Correct Care Solutions, Marathon County, and several individual defendants that Voss failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a), Dkt. 82; and (2) Voss's motion to seal Exhibit 2 to the affidavit of Sheila Westcott, Dkt. 95. Voss concedes that he didn't exhaust his claim under federal law that staff at the Marathon County jail refused to prescribe valium for him, so I will dismiss that claim. But I will deny defendants' motion for summary judgment in all other respects. I will also deny Voss's motion to seal because Voss hasn't overcome the presumption that documents filed with the court shouldn't be sealed when the court relies on them in a decision.

ANALYSIS

A. Exhaustion

   1. **Overview of the claims and the law**

   Voss is proceeding on the following claims:

   1. As a result of policies by defendants Marathon County, Correct Care Solutions, Jorge Domincis, Scott Parks, Sandra La Du-Ives, and Russel Creel denied Voss narcotic pain medication on June 2, and June 16–30, 2015, in violation of the Due Process Clause and Wisconsin common law.

   2. As a result of policies by defendants Marathon County, Lincoln County, Correct Care Solutions, Jorge Domincis, Jeff Jaeger, Scott Parks, Dave Manninen, Sandra La Du-Ives, and Russell Creel denied Voss's requests for an MRI of his hip, neck, and shoulder, and failed to provide any effective treatment for that pain from 2015 to 2017, in violation of the Due Process Clause and Wisconsin common law.

   3. As a result of policies by defendants Marathon County, Lincoln County, Correct Care Solutions, Jorge Domincis, Jeff Jaeger, Scott Parks, Dave Manninen, and Sandra La Du-Ives, Babatunde Okuleye, and Russell Creel refused to prescribe Voss valium to help with nerve pain and post-traumatic stress disorder, in violation of the Due Process Clause and Wisconsin common law.

   4. As a result of policies by defendants Marathon County, Correct Care Solutions, Jorge Domincis, Scott Parks, and Sandra La Du-Ives between July 31 and August 3, 2017, and between December 14 and December 18, 2017, defendants Kristin Gaiche, Jesse Borchardt, John Mexner, Holly Maron, and Amy Kubisiak denied Voss migraine and muscle relaxer medications, in violation of the Due Process Clause and Wisconsin common law.

   5. Between July 31 and August 3, 2017, and between December 14 and December 18, 2017, defendant Holly Maron failed to provide Voss a second mattress to help with his pain.

In their opening brief, defendants asked the court to dismiss the first four claims for Voss's failure to exhaust his administrative remedies. Some of those claims include conduct at both Marathon County and Lincoln County jails, but defendant Lincoln County didn't file its own motion for summary judgment, so I will not consider whether Voss has exhausted his administrative remedies as to events that occurred in Lincoln County. In their reply brief,

2

defendants withdrew their challenge to claim (1) about narcotic medication. This leaves defendants' challenge to claims (2), (3), and (4) based on events at the Marathon County jail.

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, to comply with §1997e(a), a prisoner must "properly take each step within the administrative process," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). A failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proved by the defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). But "[i]f administrative remedies are not 'available' to an inmate, then the inmate cannot be required to exhaust." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

As I recently pointed out in Voss's other case proceeding in this court, the text of § 1997e(a) makes it clear that the statute applies only to *federal* claims. *See Voss v. Kauer,* No. 18-cv-848-jdp, 2019 WL 3802480, at *2 (W.D. Wis. Aug. 13, 2019). Although Voss makes the same point in his opposition brief, defendants don't respond to it. So I will deny defendants' motion as to all of Voss's state-law claims. This leaves federal law claims about three issues: (1) the failure to provide an MRI or to otherwise treat Voss's neck, back, and hip pain; (2) the refusal to prescribe valium; and (3) the refusal to provide migraine medication or

3

muscle relaxers. In his opposition brief, Voss concedes that he didn't exhaust his federal claim related to a valium prescription in Marathon County, *see* Dkt. 98, at 10, so I will grant defendants' motion as to that claim and dismiss the claim without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("[A]ll dismissals under § 1997e(a) should be without prejudice."). But Voss alleges that staff at both Marathon County jail *and* Lincoln County jail refused to prescribe valium for him, so I will allow the claim to go forward as it relates to Voss's treatment in Lincoln County. For the reasons explained below, I will deny defendants' summary judgment as to the other two claims.

   2. **Failure to provide MRI or otherwise treat Voss's pain**

Defendants take inconsistent positions regarding why they believe this claim should be dismissed. In their opening brief, their position was that Voss filed a grievance about the claim, but he didn't exhaust his administrative remedies because he failed to file an administrative appeal after his grievance was denied. Dkt. 83, at 8. In their reply brief, defendants say that Voss didn't file an appeal or a grievance related to this claim. Dkt. 100, at 2.

Defendants don't explain the inconsistency, but they were right in their opening brief to acknowledge that Voss did file a grievance on this claim. On August 6, 2016, Voss filed a grievance in which he said that his shoulder "still bothers" him, that staff wouldn't send him to an outside facility for an MRI "because of the cost," and that he "shouldn't have to live in pain daily due to policies and procedures set forth by the jail." Dkt. 86-2, at 21.[1] That grievance gave jail staff notice that he wanted an MRI and was unhappy with the way staff was treating

---

[1] Defendants provided Voss's grievances as part of a 64-page exhibit but didn't include page numbers. When citing lengthy documents in briefs, the parties are requested to provide page numbers so the document can be easily located.

4

his pain, so it satisfied § 1997e(a). *See Strong v. David*, 297 F.3d 646 (7th Cir. 2002) ("[A] grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Strong v. David*, 297 F.3d 646 (7th Cir. 2002).

Defendants' other argument—that this claim must be dismissed because Voss failed to file an administrative appeal—fails as well. Defendants are correct that the exhaustion requirement includes administrative appeals, but as I informed defendants Marathon County and Scott Parks in Voss's other case, it is defendants' burden to show that Voss was aware that he was required to appeal. *See Voss*, 2019 WL 3802480, at *2 (citing *Hernandez v. Dart*, 814 F.3d 836, 842 43 (7th Cir. 2016)). Defendants failed to make that showing. They cite the declaration of a jail lieutenant, who says that inmates at the Marathon County jail "are notified of the jail rules, including the grievance procedures" when they first arrive at the jail and that "[i]nmates who utilize the Marathon County Jail's kiosk system to file grievances are again informed, via the kiosk system, of the appeals procedures." Dkt. 86, ¶ 4.[2] But I rejected an almost identical declaration in Voss's other case:

> As for the statement that Voss "was notified of the jail rules, including the grievance procedures," the administrator provides no foundation for it. She doesn't allege that she informed Voss personally and she doesn't identify who did. In any event, informing a detainee that a grievance procedure exists is not the same thing as providing a copy of those procedures or informing the detainee of his right to appeal a grievance. The administrator's statement is simply too vague to create a genuine issue of material fact. *See* Fed. R. Civ. P. 56(a).
>
> As for the statement that detainees are "informed via the kiosk system [about] the appeals procedures," this is contradicted by the very grievance at issue. Defendants submitted a copy of the grievance and the jail's response to it. Dkt. 38-2. There is no

---

[2] Defendants do not clearly explain what the "kiosk system" is, but it appears to be a computer through which inmates can file grievances and receive responses from grievance examiners.

> information on the grievance or the response about Voss's right to appeal. And defendants have not submitted any other documents showing that detainees receive notice of their right to appeal. If the administrator means to allege that the "kiosk system" provides notice of the right to appeal in some other way, again, her testimony is too vague to create a genuine dispute.

*Voss*, 2019 WL 3802480, at *2. This same reasoning applies to this case as well, so the lieutenant's declaration doesn't support defendants' motion.

Defendants also cite a grievance policy that discusses appeals of grievances, Dkt. 86-1, at 2, but Voss denies that he received that policy. Dkt. 99, ¶ 2. Because defendants don't cite any contrary evidence, there is no genuine issue of material fact, *see* Fed. R. Civ. P. 56, so I will deny defendants' motion for summary judgment on Voss's claim that defendants failed to give him an MRI or otherwise treat his pain.[3]

### 3. Migraine medication and muscle relaxers

It's undisputed that Voss didn't file a grievance about this claim. But Voss says that he *couldn't* file a grievance because he didn't have access to the kiosk system at the relevant time. *See Hartung v. Pontow,* No. 10-cv-75-slc, 2010 WL 4386542, at *2 (W.D. Wis. Oct. 28, 2010) ("When a prisoner is unable to file a timely grievance for reasons outside his control, § 1997e(a) does not require a court to dismiss the lawsuit."). Although his declaration could be clearer, I understand Voss to be alleging the following from a review of both his declaration and complaint: (1) after February 2017, Voss was primarily housed in state prison, but from July

---

[3] Defendants accompany their reply brief with a document called "Marathon County Jail Rules," which states that an inmate may file an administrative appeal when a grievance is denied. *See* Dkt. 101-1, at 17. It is well established that a party may not rely on new evidence in a reply brief when the opposing party doesn't have an opportunity to respond. *See Black v. TIC Investment Corp.*, 900 F.2d 112, 116 (7th Cir. 1990). In any event, defendants don't cite any evidence that Voss received the document.

6

31 to August 3, 2017 and again from December 14 to December 18, 2017, Voss was housed at the Marathon County jail for court hearings; (2) while at the jail, staff denied his requests for migraine medication and muscle relaxers; (2) Voss couldn't file a grievance during those times because he was in a holding cell and wasn't allowed to use the kiosk system; and (3) he couldn't file a grievance later because he was transferred directly from his holding cell back to state prison.

Defendants don't deny that grievances generally are processed through the kiosk system, that Voss couldn't use the kiosk system while he was in a holding cell, or that Voss was in a holding cell during the times relevant to this claim. Their only response to Voss's argument is a declaration from the jail administrator, who says that Voss could have used a pen and paper to write out a grievance and then asked a correctional officer to submit it for him. Dkt. 101, ¶ 4. Defendants' argument fails because "[p]risoners are required to exhaust grievance procedures they have been told about, but not procedures they have not been told about." *King v. McCarty*, 781 F.3d 889, 896 (7th Cir. 2015). Defendants point to no evidence that they informed Voss about an alternative to the kiosk system or that he was otherwise aware of such an alternative. (There is no mention of the alternative in the written grievance procedures or inmate handbook that defendants filed.) So I will deny defendants' motion for summary judgment on this claim as well.

B. Motion to seal

Voss asks the court to seal Exhibit 2 to the affidavit of Sheila Westcott, Dkt. 95, which is a collection of the grievances that Voss filed with the Marathon County jail. Voss says that the grievances should be sealed because they include medical information. But it was necessary to review those grievances in deciding defendants' motion for summary judgment. In this

7

circuit, any documents that "influence or underpin the judicial decision are open to public inspection unless" the documents include "trade secrets," "information covered by a recognized privilege," or "information required by statute to be maintained in confidence." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545–46 (7th Cir. 2002). Voss hasn't shown that the grievances fall within any of the protected categories. In any event, "plaintiffs who place their medical condition at issue waive any applicable privileges or statutory protections that their medical records would have otherwise had." *Vogelsberg v. Kim*, No. 17-cv-596-jdp, 2019 WL 3802874, at *4 (W.D. Wis. Aug. 13, 2019) (internal quotations omitted). Because Voss's claims relate to the medical treatment he received at the jail, he cannot keep grievances related to that treatment sealed.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment, Dkt. 82, is GRANTED as to plaintiff Dante Voss's claims under federal law that staff at the Marathon County jail refused to prescribe valium for him. That claim is DISMISSED without prejudice. The motion is DENIED in all other respects.

2. Voss's motion to seal, Dkt. 95, is DENIED.

Entered October 31, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge