IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANTE R. VOSS,

                Plaintiff,

  v.

MARATHON COUNTY, SCOTT R. PARKS,
SANDRA LA DU-IVES, LINCOLN COUNTY,
JEFF JAEGER, DAVE MANNINEN,
CORRECT CARE SOLUTIONS, JORGE DOMINICIS,
BABATUNDE OKULEYE, RUSSELL CREEL,
HOLLY MARON, KRISTIN GAICHE,
JESSE BORCHARDT, JOHN MEXNER, and AMY
KUBISIAK,

                Defendants.

OPINION and ORDER

18-cv-540-jdp

---

DANTE R. VOSS,

                Plaintiff,

  v.

NATHAN R. KAUER, JOHN R. DENOVI, SCOTT
PARKS, and MARATHON COUNTY,

                Defendants.

OPINION and ORDER

18-cv-848-jdp

---

DANTE R. VOSS,

                Plaintiff,

  v.

KEVIN A. CARR,

                Defendant.

OPINION and ORDER

19-cv-790-jdp

---

      In each of these three cases, pro se plaintiff and prisoner Dante Voss has filed a motion seeking court assistance. In No. 18-cv-540-jdp, Voss's claims are that he didn't receive adequate

medical or mental health care while he was incarcerated in the Marathon County and Lincoln County jails between 2015 and 2017. In that case, he moves for assistance in recruiting counsel. Dkt. 117. In No. 18-cv-848-jdp, Voss's claim is that staff at the Marathon County jail used excessive force against him. In that case, Voss moves to indefinitely stay proceedings, or, in the alternative, issue a revised schedule. Dkt. 76. In No. 19-cv-790-jdp, Voss's claim is that the Wisconsin Department of Corrections (which now has custody of Voss) denied his right to have access to the courts by refusing to provide him the postage needed to file a required notice of claim. In that case, I dismissed the complaint but gave Voss an opportunity to replead. Voss moves for an extension of time to file an amended complaint.

For the reasons discussed below, I will give Voss extensions to comply with pending court deadlines. But he hasn't shown that he needs the assistance of counsel at this time.

ANALYSIS

**A. Requests to change the schedule**

Voss's requests to change the schedule in both No. 18-cv-848-jdp and No. 19-cv-790-jdp are based on two issues: (1) he is suffering from medical conditions that make it difficult for him to write; and (2) he has reached his annual limit for legal loans, so he doesn't have the necessary resources to litigate. During a telephone conference on November 27, 2019, Voss acknowledged that he may request additional funds at the beginning of the new year, so that issue is now moot. I will focus on Voss's allegations about his medical conditions.

In his motions, Voss alleges that he is suffering from a pinched nerve in his right hand, causing pain and numbness that make it very difficult for him to write as someone who is

right-handed. During the November 27 telephone conference, I observed that Voss hadn't provided any evidence—not even a declaration—to support his allegation. To expedite a resolution of this issue, I asked counsel for the Wisconsin Department of Justice to provide copies of Voss's medical records from the last six months. After receiving those records (more than 1,200 pages), I directed Voss to identify the medical records that supported his allegation.

In his response, Voss points to records that show the following:

- Voss has been suffering from carpal tunnel syndrome since at least May 2019;

- In November 2019, a UW physician diagnosed radiculopathy (a pinched nerve);

- Voss has filed numerous complaints and health service requests about an alleged failure to adequately treat his carpal tunnel syndrome;

- During the summer in 2019, prison officials approved a wrist brace, but Voss later said that it wasn't effective;

- Since November 1, 2019, Voss has been complaining about increasing pain and numbness in his right hand;

- Since June 2019, UW physicians have been requesting a referral for hand surgery, a request that was repeated in November 2019, along with a referral to a pain clinic; it does not appear that Department officials have approved the requests, but the records Voss cites don't explain why.

The cited records show that Voss suffers from conditions that may affect his ability to write, but the records are far from conclusive in showing that Voss is as impaired as he says he is. Voss hasn't cited any records in which any health care providers describe the extent of his impairment in any detail or explain the basis for their surgery recommendation. In one record from November 25, Department health-care staff stated that Voss's right hand was "slightly blue" as compared to his left hand, but the same record states that Voss has "moderate" strength in his right hand. *See* No. 19-cv-790-jdp, Dkt. 10, at 1202. And, as I noted during the

telephone conference, Voss's allegations are undermined by documents Voss filed in a fourth case that he filed, No. 19-cv-776-jdp. On November 18, 2019, approximately two weeks after I dismissed the complaint in that case, Voss filed a 38-page motion for reconsideration, along with an 85-paragraph declaration. Both documents were neatly handwritten, showing no obvious signs on impairment. A few days earlier, Voss had filed a motion and declaration in No. 18-cv-540-jdp, and both documents were also neatly handwritten. On November 18, the same day that Voss filed his motion for reconsideration, he filed his motions to revise the schedules in No. 19-cv-790-jdp and 18-cv-848-jdp. In both documents, the handwriting was nearly illegible and bore no resemblance to the handwriting in Voss's previous submissions. This stark difference in documents filed around the same time suggests that at least part of Voss's motivation for seeking relief from the schedule is that he is simply trying to litigate too many claims at the same time.

It is also undisputed that Voss has access to a typewriter in the prison library, which Voss has been using to prepare documents in his cases since he asked for a revised schedule in November 2019. Voss doesn't allege that using a typewriter is painful for him. He does complain that he doesn't have unlimited access to a typewriter, but he doesn't dispute the representation of counsel for DOJ that all prisoners have two to four 45-minute periods of library time per day and that Voss is approved for an extra hour each day.

The bottom line is that Voss's medical conditions may mean that he needs an occasional extension of time to comply with deadlines. But, at this point, I'm not persuaded that he needs additional accommodations.

In No. 19-cv-790-jdp, Voss asked for a 30-day extension to file an amended complaint. Although it has already been more than 30 days since Voss's original deadline, I will give Voss an additional two weeks to prepare his amended complaint.

In No. 18-cv-848-jdp, Voss didn't ask for specific relief. But I stayed his deadline for responding to defendants' motion for summary judgment pending a decision on his motion to stay. I will give him an additional 45 days to file his opposition materials. If Voss doesn't believe that he can meet that deadline, he may move to dismiss the case without prejudice to his moving to reopen the case within a reasonable time.

Because granting Voss another extension will not leave sufficient time to resolve the pending summary judgment motion before the parties' trial submissions are due, I will strike the trial date and related deadlines. I will reset those deadlines if necessary after resolving the summary judgment motion.

**B. Assistance in recruiting counsel**

Voss seeks assistance in recruiting counsel in No. 18-cv-540-jdp. (He didn't file a similar motion in any of his other cases.) A pro se litigant does not have a right to counsel in a civil case, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding a lawyer to represent them. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must show three things: (1) he is unable to afford to hire his own lawyer, 28 U.S.C. § 1915(e)(1); (2) he made reasonable efforts on his own to find a lawyer to represent him, *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992); and (3) the legal and factual difficulty of the case exceeds his ability to prosecute it, *Pruitt*, 503 F.3d at 654–55.

Voss meets the first requirement because his trust fund account statement shows that he doesn't have the funds to hire his own lawyer. And he meets the second requirement because he has submitted a declaration in which he identifies several law firms he has written in the last few months, but none of them have agreed to represent him.

But Voss must also show that his is one of the relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the litigant's demonstrated ability to prosecute it. *Pruitt*, 503 F.3d at 654–55. "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff" but instead whether the pro se litigant can "coherently present [his case] to the judge or jury himself." *Id.* at 655. Almost all of this court's pro se litigants would benefit from the assistance of counsel, but there are not enough lawyers willing to take these types of cases to give each plaintiff one. I must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

I am not persuaded that this case is too difficult or complex for Voss to litigate without counsel. Voss has shown in this case and the three others he has filed in this court since 2018 that he is capable of litigating a case on his own. In his 77-page complaint, he demonstrated that he possessed a detailed and thorough understanding of both the law and facts supporting his claims. I allowed him to proceed on most of his claims and later granted a motion for reconsideration after he pointed out additional details that I overlooked. Since then, Voss's numerous court filings confirm that he understands the substantive law underlying his claims and the procedures governing federal litigation. He has filed motions, briefs, and declarations

on many issues, and his filings are clearly and intelligently written. Nearly all of his claims survived defendants' motion for summary judgment related to exhaustion. In short, Voss has legal abilities far above the average pro se litigant.

Voss says that he needs counsel for several reasons, but I am not persuaded that any of these reasons require appointment of counsel at this time. First, Voss says that he is no longer housed in the Marathon County or Lincoln County jails (where the relevant events took place), making it more difficult for him to obtain evidence. But he doesn't explain why he cannot obtain the information he needs through discovery requests. He doesn't identify any specific evidence that he can't obtain without being present in the jails.

Second, Voss says that the case is complex: he is raising multiple claims against multiple defendants, and all of his claims relate to medical care, which will likely require expert testimony. These concerns are premature. The court of appeals has rejected the view that all claims involving medical care require the assistance of counsel. *See, e.g.*, *Romanelli v. Suliene*, 615 F.3d 847, 853 (7th Cir. 2010); *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997). And not all medical claims require expert testimony. *See Gil v. Reed*, 535 F.3d 551, 557–58 (7th Cir. 2008). At this point, it is impossible to tell what issues will be in dispute at summary judgment or trial and how complex those issues will be. Even in cases involving complex medical issues, a claim may be resolved on more straightforward grounds. *See, e.g.*, *Olson*, 750 F.3d at 712 (no abuse of discretion in denying recruitment of counsel motion for medical indifference case when disputed issue was whether defendant knew of plaintiff's physical condition).

Third, Voss says that he has requested a jury trial, which requires cross-examination of witnesses and other trial skills. But that concern is also premature because is not yet clear

7

whether a trial will be required in this case. If any Voss's claims proceed past the summary judgment stage, he may renew his request for assistance then.

Fourth, Voss says that he suffers from health conditions such as chronic pain, PTSD, and a sleep disorder. I have already discussed the issues related to the pain and numbness in Voss's right hand. Those issues may require extensions of time in some situations, but Voss hasn't submitted evidence showing that he is incapable of representing himself. And he has cited no evidence showing that PTSD or a sleep disorder impair his litigation abilities in any respect.

Fifth, and finally, Voss says that appointment of counsel is appropriate because his claims have merit. But neither side has yet to present evidence, so it would be premature to assess the strength of the case. In any event, an assessment of the merits is not part of the test outlined in *Pruitt*.

The bottom line is that the evidence submitted to date doesn't support a conclusion that Voss needs the assistance of counsel. If later events show that the case is too difficult for Voss to litigate on his own, he may renew his motion at that time.

ORDER

IT IS ORDERED that:

1. Dante Voss's motion for assistance in recruiting counsel in No. 18-cv-540-jdp, Dkt. 117, is DENIED.

2. Voss's motion for an extension of time to file an amended complaint in No. 19-cv-790-jdp, Dkt. 7, is GRANTED. Voss may have January 22, 2020, to file an amended complaint. If he fails to respond by that date, I will dismiss the complaint with prejudice and direct the clerk of court to close the case.

3. Voss's motion to stay, or, in the alternative, for a change in the schedule in No. 18-cv-848-jdp, Dkt. 76, is GRANTED in part. Voss may have until February 13, 2020, to respond to defendants' motion for summary judgment.

4. The trial date and related deadlines in No. 18-cv-848-jdp are STRUCK. The court will reset the deadlines if necessary after resolving the pending motion for summary judgment.

Entered January 7, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge