IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANTE R. VOSS,

                Plaintiff,

v.

MARATHON COUNTY, SCOTT R. PARKS,
SANDRA LA DU-IVES, LINCOLN COUNTY,          ORDER
JEFF JAEGER, DAVE MANNINEN,
CORRECT CARE SOLUTIONS, JORGE DOMINICIS,    18-cv-540-jdp
BABATUNDE OKULEYE, RUSSELL CREEL,
HOLLY MARON, KRISTIN GAICHE,
JESSE BORCHARDT, JOHN MEIXNER, and AMY
KUBISIAK,

                Defendants.[1]

---

    Pro se plaintiff and prisoner Dante Voss is proceeding on several claims about his medical care at the Marathon County and Lincoln County jails between 2015 and 2017. Voss now moves to push back by seven months all the remaining deadlines in this case. Dkt. 137.

    Voss identifies several reasons why he needs more time: (1) after the preliminary pretrial conference on March 14, 2019 (when discovery began), Voss focused his discovery requests on issues related to exhaustion of administrative remedies; (2) discovery was stayed after defendants filed a motion for summary judgment for Voss's failure to exhaust on July 26, 2019; (3) when the discovery stay was lifted on October 31, 2019, Voss had already exceeded his $50 legal loan for 2019, and officials in the Wisconsin Department of Corrections (which now has custody of Voss) refused to give him paper or postage for new discovery requests; (4) Voss's carpal tunnel syndrome and radiculopathy prevent him from writing discovery requests by

---

[1] I have amended the caption to reflect the correct spelling of defendant John Meixner's name.

hand; and (5) Voss has been preparing submissions for multiple other cases that he filed in this court.

Voss has already moved to amend the schedules in both No. 18-cv-848-jdp and No. 19-cv-790-jdp. (Voss filed a fourth case, No. 19-cv-776-jdp, in which he asserted a right to require the state to provide him with various medical publications, but I dismissed that case at the screening stage and then denied a lengthy motion for reconsideration.). In No. 18-cv-848-jdp, I gave Voss more than three months to file a response to the defendants' motion for summary judgment. I also told Voss that if he is still unable to comply with the deadline, he may move to dismiss the case without prejudice to him reopening the case later. In No. 19-cv-790-jdp, I gave Voss two months to file an amended complaint. In both cases, I granted those extensions primarily because of Voss's allegations that his carpal tunnel syndrome and pinched nerve made it more difficult for him to write. But I also observed that it appeared that Voss was overwhelmed and underfunded because he had chosen to litigate too many lawsuits at the same time.

In this case, I am not persuaded that Voss is entitled to a seven-month extension of time so that he may conduct discovery. Voss filed this case more than 18 months ago, and discovery has been open for more than seven months since then. Voss says that he has been unable to conduct discovery because of an inability to obtain legal loans and because of his difficulty writing. But those obstacles haven't prevented Voss from filing numerous motions and other documents with the court in the meantime. Voss did not inform the court about any difficulty with discovery until now. And he doesn't justify his request for an additional seven months or explain how any of the problems he identifies will be resolved during that time.

2

When Voss first decided to proceed with multiple lawsuits simultaneously, I instructed him that "he will need to manage his time carefully" and that "[h]e should not expect to receive extensions of time in one case because he is working on [an]other case." *Voss v. Kauer*, No. 18-cv-848-jdp (W.D. Wis. Dec. 3, 2018). So I will deny Voss's motion to amend the schedule, but Voss is free to conduct discovery until the June 5, 2020 deadline. *See* Dkt. 47, at 10. If defendants move for summary judgment before then and Voss does not believe that he can respond to the motion without additional discovery, he will have to file a motion under Federal Rule of Civil Procedure 56(d) in which he identifies the specific discovery he needs, explains why he needs the discovery to defeat the summary judgment motion, and shows that he acted reasonably in failing to obtain the discovery sooner. *See Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1082 (7th Cir. 2016); *Kallal v. CIBA Vision Corp.*, 779 F.3d 443, 446 (7th Cir. 2015); *American Needle Inc. v. National Football League*, 538 F.3d 736, 740–41 (7th Cir. 2008).

ORDER

IT IS ORDERED that plaintiff Dante Voss's motion for a revised schedule, Dkt. 137, is DENIED.

Entered January 21, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge