IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DANTE R. VOSS,

                    Plaintiff,

        v.

MARATHON COUNTY, SCOTT R. PARKS,
SANDRA LA DU-IVES, LINCOLN COUNTY,                    OPINION and ORDER
JEFF JAEGER, DAVE MANNINEN,
CORRECT CARE SOLUTIONS, JORGE DOMINICIS,                 18-cv-540-jdp
BABATUNDE OKULEYE, RUSSELL CREEL,
HOLLY MARON, KRISTIN GAICHE,
JESSE BORCHARDT, JOHN MEIXNER,
and AMY KUBISIAK,

                    Defendants.

---

This is a lawsuit about the adequacy of plaintiff Dante Voss's medical care at the Lincoln County jail and Marathon County jail between 2015 and 2017. Several motions are before the court: (1) a motion filed by several of the defendants to compel Voss to authorize the release of medical records, or in the alternative to dismiss the case, Dkt. 149; (2) Voss's motion for assistance in recruiting counsel, Dkt. 152; (3) a motion for leave to amend the complaint, Dkt. 158; and (4) a motion for class certification, Dkt. 165.[1]

Because Voss is suing defendants for failing to provide him adequate medical care, defendants are entitled to review Voss's medical records, so I will grant the motion to compel. But I will stay a ruling on the scope of Voss's obligation pending a decision by Voss on whether

---

[1] Voss also filed a motion to compel discovery, Dkt. 149, but I stayed briefing of that motion pending resolution of defendants' motion to compel. *See* Dkt. 168.

he wishes to dismiss with prejudice any claims related to mental health treatment and any requests for damages for psychological harm.

I will deny Voss's motion for leave to file an amended complaint as untimely and unfairly prejudicial. Because Voss's other motions hinge on his motion for leave to amend his complaint, I will deny those motions as well.

ANALYSIS

**A. Voss's motions**

Because some of Voss's objections to defendants' motion to compel rely on an assumption that the court will grant Voss's motions, I will consider his motions first. And because Voss's motion for assistance in recruiting counsel and his motion for class certification are contingent on Voss's motion for leave to amend his complaint, I will begin with that motion.

Voss is currently proceeding on claims that defendants violated his rights under the U.S. Constitution and state law by failing to adequately treat his hip, neck, and shoulder pain; denying him effective medication; and refusing to prescribe valium. In his motion for leave to file an amended complaint, Voss seeks to add four new named defendants, two John Doe defendants, and many new claims, all of which he wishes to bring on behalf of a class.

Voss doesn't describe the new claims with much detail in his motion, but his proposed amended complaint focuses on an alleged "cost reduction scheme" by Correct Care Solutions that results in the denial of "adequate and individualized medical treatment." Dkt. 159. ¶¶ 3–4. He also includes new allegations against Waupaca County and some of its employees about

medical care he received while he was detained at the Waupaca County jail in 2015 and 2016. (The operative pleading is limited to incidents at the Lincoln County jail and the Marathon County jail.) He seeks to represent a nationwide class of all prisoners who receive treatment from Correct Care Solutions as well as a subclass of all Wisconsin prisoners who are treated by Correct Care Solutions. He asserts claims for breach of contract, unjust enrichment, and violations of the Due Process Clause, the Eighth Amendment, the Americans with Disabilities Act, and the Rehabilitation Act.

Under Federal Rule of Civil Procedure 15, "leave to amend should be freely given, [but] that does not mean it must always be given. District courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (internal quotations and alterations omitted). "And while delay on its own is usually not reason enough for a court to deny a motion to amend, the longer the delay, the greater the presumption against granting leave to amend." *Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011) (internal quotations and citations omitted). In this case, Voss waited too far long to seek amendment and it would be unfairly prejudicial to grant him leave, so I will deny the motion.

Voss filed this lawsuit in July 2018, so the case has been proceeding for more than a year and a half. Voss's 77-page complaint already includes a large number of claims and a larger number of defendants, covering a two-year period at two different jails. The case started out with even more claims and defendants, but I severed the case to make it more manageable.[2]

---

[2] The other case was *Voss v. Kauer*, No. 18-cv-848-jdp (W.D. Wis.). Voss voluntarily dismissed

Discovery has been proceeding nearly a year. Since then, both sides have filed numerous motions, including a motion for summary judgment on exhaustion issues. Voss has repeatedly asked for extensions of time to comply with deadlines, in part because the case is too much for him to handle in light of his financial and physical limitations. The deadline for filing summary judgment motions was January 31, 2020, but the court stayed that deadline in light of ongoing discovery disputes between the parties.

Now Voss asks to dramatically expand the scope of the case, but he has little excuse for waiting so long to bring his new claims. He says that he wasn't aware that Waupaca County had a contract with Correct Care Solutions, but he doesn't allege that Correct Care Solutions concealed that information or prevented him from discovering it earlier. *Carroll v. Stryker Corp.*, 658 F.3d 675, 684 (7th Cir. 2011) ("ignorance" is not "a valid reason" for untimely amendment when ignorance isn't justified). And he says that he waited to propose class claims because "it was more prudent to wait until the exhaustion defense was resolved before wasting judicial or party resources with a class action complaint." Dkt. 160. But Voss doesn't explain why he believed that. Because his proposed class claims raise new issues, defendants would be entitled to file *another* motion for summary judgment for failure to exhaust the new claims. And even if the subject matter of the class claims were identical to the claims already in the case, there is no efficiency gained by trying to convert individual claims to class claims after the case has been proceeding for so long.

---

No. 18-cv-848-jdp without prejudice because he didn't have the time or resources necessary to prosecute the case. *Id.*, Dkt. 103.

If I were to grant Voss's motion for leave to amend his complaint, it would require the court to hit the reset the button on the case: rescreen the complaint, serve new defendants, and set an entirely new schedule to allow for participation of the new defendants and to give full consideration to the class issues Voss has raised. And because class actions require class counsel, *see* Federal Rule of Civil Procedure 23(g), the case would have to be stayed for several months while the court sought counsel. And if the court couldn't find counsel willing to take the case, we would be back where we started.

Under these circumstances, the court declines to give Voss leave to amend his complaint. Voss could have included all of the claims he wants to raise now in his original complaint, and the significant changes he proposes would substantially disrupt the case. *See George v. Kraft Foods Global, Inc.,* 641 F.3d 786, 789 (7th Cir. 2011) (affirming denial of motion for leave to file amended complaint even though discovery was still open and no trial date had been set because "the parties and the court had already invested substantial resources" in the proceedings and "adding the new claims and defendants at that juncture would have completely thwarted the discovery schedule, and . . . added a year or more to the duration of the case" (internal quotations omitted)); *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993) (upholding denial of leave to file amended complaint when the proposed complaint "contained new complex and serious charges which would undoubtedly require additional discovery for the defendants to rebut") (internal quotations omitted).

Voss's motion for class certification is contingent on his motion for leave to amend his complaint. And his request for assistance in recruiting counsel rests on the view that counsel is

needed to litigate a class. Because I am denying Voss's motion for leave to amend his complaint, I will deny the other two motions as moot.

## B. Defendants' motion to compel[3]

Defendants sent Voss requests to authorize the release of his medical records from 14 providers between 2010 and the present. Voss objects to these requests on several grounds. Dkt. 156.

### 1. Failure to confer

Under Federal Rule of Civil Procedure 37(a)(1), a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Voss objects to defendants' failure to confer with him before filing their motion to compel.

Defendants should have complied with Rule 37(a)(1), and I expect both sides to do so in the future. But this was the second motion defendants filed to compel Voss to authorize the release of his medical records. I denied the first motion to compel without prejudice because defendants' exhaustion motion could have changed the appropriate scope of the medical release. Voss doesn't contend that either side's position has changed since defendants filed their first motion to compel. And both sides have fully briefed the motion to compel, making

---

[3] Defendants seek dismissal of Voss's claims under Rule 41(b) for failure to prosecute as an alternative to their motion to compel. But dismissal is premature under Rule 41(b) until a party violates a court order. *See Reyes v. Dart*, 801 F.3d 879, 881–82 (7th Cir. 2015) (failure to sign medical release governed by Rule 37, not Rule 41(b)).

it clear that conferring would not be productive. So I will not require defendants to file another motion after conferring with Voss.

### 2. Temporal scope

Voss objects to the temporal scope of the requested authorizations (2010 to the present) because his claims are limited to his medical treatment between 2015 and 2017. But Voss alleges in his complaint that he has been suffering from conditions related to those at issue in this lawsuit since at least 2009. *See* Dkt. 1, ¶ 92 ("In 2009, the Plaintiff had back surgery to have a discectomy and laminectomy performed due to pinched nerves from degenerative discs."). So records from 2010 and later could be relevant to determining the cause of Voss's alleged injuries.

Voss contends that older records are relevant only to his negligence claim, which he has omitted from his amended complaint. But I am denying Voss's request for leave to amend his complaint, so that contention is moot. Voss is free to dismiss his negligence claim if he wishes to do so, but it would not affect the scope of the records that defendants are entitled to review. Voss's federal claims and state claims relate to the same conditions, so pre-detention medical records are relevant to Voss's federal claims as well.

### 3. Mental health records

Voss objects to the request for mental health records. He acknowledges that his complaint includes a request for damages for psychological harm and a claim that defendants refused to prescribe valium for his post-traumatic stress disorder. But he says that he didn't include those issues in his proposed amended complaint. Again, because I am denying Voss's motion for leave to amend his complaint, that argument is moot.

Voss also raises three alternative contentions for rejecting the request for mental health records: (1) some of those records may include information about a third party who participated in couples therapy with Voss; (2) the court dismissed all claims regarding mental health treatment for Voss's failure to exhaust his administrative remedies; and (3) if there are any remaining claims raising mental health issues, Voss wishes to dismiss those claims "without prejudice," along with his request for damages related to psychological harm.

Voss cites no legal authority for the view that a party may withhold otherwise discoverable information because it may include confidential information about a non-litigant. And the court is not aware of any such authority. Defendants are not permitted to use information they obtain in discovery for any purpose unrelated to this litigation. And I would expect defendants to redact any information related to third parties if filed with the court. But I will not prohibit defendants from reviewing otherwise relevant medical records.

As for Voss's statement that the court has dismissed his mental health claims, Voss is only partly correct. I explained the scope of the ruling in the decision on exhaustion:

> In his opposition brief, Voss concedes that he didn't exhaust his federal claim related to a valium prescription in Marathon County, *see* Dkt. 98, at 10, so I will grant defendants' motion as to that claim and dismiss the claim without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("[A]ll dismissals under § 1997e(a) should be without prejudice."). But Voss alleges that staff at both Marathon County jail and Lincoln County jail refused to prescribe valium for him, so I will allow the claim to go forward as it relates to Voss's treatment in Lincoln County.

Dkt. 116, at 4. Because Lincoln County didn't move to dismiss Voss's claim regarding a failure to prescribe valium, Voss is still proceeding on that claim.

If Voss wishes to dismiss his remaining claim related to mental health treatment, he is free to do so. But he must dismiss the claim with prejudice, meaning that he cannot raise it again at a later date. It would not be fair to defendants to allow Voss to relitigate his mental health claim in another case, especially after this case has been pending for so long. So before I decide whether to compel Voss to authorize the release of his mental health records, I will give Voss an opportunity to inform the court whether he wishes to proceed with his mental health claim or dismiss it with prejudice, along with any request for damages related to psychological harm.

### 4. Medical records related to dental health, drug and alcohol treatment, and HIV

The medical release forms prepared by defendants allow the requester to exclude records related to "Alcohol and Drug Abuse Diagnosis/Treatment," "Dental," and "HIV Test Results." Voss objects to producing these records on the ground that they have no relevance to the issues in this case. Because the defendants don't explain how those records could be relevant, I will direct defendants to send Voss new releases that exclude those records.

### 5. All records unrelated to Voss's back, neck, hip, and shoulder

Voss contends that only records related to his back, neck, hip, and shoulder are relevant to his claims, so the release should exclude all other medical records. But Voss doesn't explain how his medical providers could comply with such a limitation. Medical release forms often include exclusions for certain categories of information, such as mental health or HIV. But the forms do not allow the requester to exclude records by individual ailment. If I were to grant Voss's request, it would require the medical provider to review each record individually and

then make a judgment call regarding whether the record related to this lawsuit. Such a requirement would be extremely burdensome and could lead to many mistakes, so I decline to require defendants to limit the medical authorizations to the precise conditions at issue in the case. If defendants receive documents that aren't relevant to Voss's claims, he may move to exclude those documents when and if defendants offer them as evidence.

### 6. Alleged discovery violations

Voss says that he is entitled to an order protecting him from defendants' discovery requests until defendants comply with *his* discovery requests. But that is not how discovery works. Both sides must comply with reasonable discovery requests without regard to their subjective perception about the reasonableness of the other side's objections to a pending request. I will consider Voss's motion to compel after briefing is complete on that motion.

### 7. Other requests

Voss makes several alternative requests in the event that the court grants defendants' motion to compel. First, he asks the court to conduct an *in camera* review of all the records before releasing them to defendants. Voss doesn't explain the purpose of the proposed review, but presumably Voss wants the court to determine whether the records are relevant before allowing defendants to review them. That request is denied. Again, if defendants attempt to rely on irrelevant documents, Voss may raise an objection at that time.

Second, Voss says that he doesn't have his own copies of the records that defendants are requesting, so he wants defendants to provide him a copy of whatever they obtain from his providers. It is only fair that Voss have access to his own records that defendants are relying

on. And because Voss is indigent, I will ask defendants to provide him with the records they obtain.

Third, Voss asks the court to require defendants to seal any of his medical records that they file with the court. But I have already explained to Voss, *see* Dkt. 116, at 7–8, that any documents that "influence or underpin the judicial decision are open to public inspection unless" the documents include "trade secrets," "information covered by a recognized privilege," or "information required by statute to be maintained in confidence." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545–46 (7th Cir. 2002). And because Voss is placing his medical care at issue in this case, he "has waive[d] any applicable privileges or statutory protections that [his] medical records would have otherwise had." *Vogelsberg v. Kim*, No. 17-cv-596-jdp, 2019 WL 3802874, at *4 (W.D. Wis. Aug. 13, 2019) (internal quotations omitted). So it would be premature to require defendants to file all Voss's medical records under seal. I expect defendants to submit *only* those records that it wants the court to rely on. This lawsuit doesn't "authorize[] [defendants] to perform a public dump of *all* of [Voss's] medical records." *Upthegrove v. Carr*, No. 18-cv-847-wmc (W.D. Wis. Feb. 7, 2020). If defendants file medical records that are clearly irrelevant, Voss may move to seal those records at that time.

Voss says that all his medical records must be sealed in this case because of a pending state court lawsuit. (In addition to the three lawsuits pending in this court, Voss says that he has multiple lawsuits pending in state court as well.) Specifically, Voss says that he is suing officials for "unauthorized disclosure of his medical information" and he is concerned that he will be vulnerable to a contributory negligence defense if medical records are filed publicly in this case. Dkt. 156, at 16. But Voss doesn't identify the other case or the records at issue in

that case, so it is impossible to determine whether there may be any overlap between the two cases. In any event, Voss doesn't explain how defendants' conduct in this case could show *his* negligence. So the court will deny Voss's request for a protective order.

ORDER

IT IS ORDERED that:

1. Plaintiff Dante Voss's motion for leave to file an amended complaint, Dkt. 158, motion for assistance in recruiting counsel, Dkt. 152, and motion for class certification, Dkt. 165, are DENIED.

2. Defendants' motion to compel, Dkt. 141, is GRANTED as discussed in the opinion, but a decision on the scope of the required medical authorizations is stayed pending a decision by Voss on whether he will dismiss with prejudice his remaining claims regarding mental health treatment and his request for damages for psychological harm. Voss may have until March 19, 2020 to inform the court of his decision. If the court does not receive Voss's response by March 19, I will construe Voss's silence to mean that he does not intend to dismiss those claims and I will issue a decision accordingly.

3. Defendants may have until March 19, 2020, to file a response to Voss's motion to compel, Dkt. 149. Voss may have until March 30, 2020, to file a reply.

4. The deadline for filing summary judgment motions and all other deadlines are stayed. I will reset deadlines after resolving the motions to compel.

Entered March 9, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge