UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

DANTE VOSS,

           Plaintiff,

                                              Case No. 3:18-cv-00540-jdp

v.

MARATHON COUNTY, *et al.*,

           Defendants.

---

CCS PROFESSIONALS' RESPONSE TO PLAINTIFF'S MARCH 19 LETTER-RESPONSE

---

The CCS Professionals submit this short filing to set the record straight on misrepresentations presented by Plaintiff Dante Voss in his March 19, 2020 "Letter" (Doc. 177) addressing the Court's recent ruling concerning medical authorizations.

The Court directed the CCS Professionals to provide Plaintiff with refined authorizations for the release of his relevant medical records. (DOC. 171). The CCS Professionals followed the Court's directives and sent new, compliant authorizations to Plaintiff on March 12, 2020—within 3 days of the Court's instructions.

Plaintiff, in his "Letter," blatantly (and intentionally) misrepresents the parameters of those authorizations. He claims the new authorizations still request "dental health, drug and alcohol treatment, and HIV/AIDs" related records, in violation of the Court's order.

But the authorizations do no such thing. Plaintiff is simply not telling the truth. Per the Court's recent order, the authorizations permit the release of Plaintiff's entire medical file (because of the breadth of his claims) but *removed consent for release of dental, drug, alcohol, or HIV/AIDs related information*.[1] Otherwise, they are standard, HIPAA

---

[1] Plaintiff also perpetrates an untruth by claiming the authorizations would permit unlimited release of his records, and suggests they should be tailored for use in this litigation. All authorizations make clear that the records shall be disclosed only to the CCS

compliant documents. The authorizations are included with this filing for the Court's quick reference. (*See* Wiesner Decl., Ex. A). The cover letter even explains to Plaintiff that "***these authorizations are tailored as required by the Court (e.g., removing references to HIV-related testing or records.***" (*Id.* p. 1)( emphasis added).[2]

Ultimately, the CCS Professionals have grown tired of these games. They've been waiting to receive Plaintiff's relevant medical records since May 2019. For almost a year, they've been without the basic information needed to even begin an investigation into this matter. Enough is enough. The CCS Professionals hope Plaintiff's mere gamesmanship at (and misrepresentations) are recognized and immediately halted. Plaintiff has now had court-compliant medical authorizations for over a week. It's time for him to finally make a decision: he has to either execute & return the authorizations to move forward with this case, or confirm that he won't comply so the Court can dismiss this action with prejudice. Continuing to lie and delay this case is not a feasible option.

Dated: March 19, 2020.    DAVIS|KUELTHAU, S.C.

By: *s/ Ryan M. Wiesner*
Ryan M. Wiesner
111 E. Kilbourn Avenue, Suite 1400
Milwaukee, WI 53202
Tel. (414) 276-0200
Fax (414) 278-3643
Email  rwiesner@dkattorneys.com

*Attorneys for the CCS Professionals*

---

Professionals' counsel "to be used in legal proceedings involving the undersigned whether before a judge, jury, compensation examiner, or arbitrator." (Wiesner Decl., Ex. A p. 2-15)

[2] The CCS Professionals, in an attempt to expedite their compilation of all relevant records, even sent Plaintiff new authorizations for the release of mental health records, in the event he decided to continue with those claims. Even those authorizations were tailored to comply with the Court's recent order. (Wiesner Decl., Ex. B).