IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANTE R. VOSS,

                Plaintiff,

   v.

MARATHON COUNTY, SCOTT R. PARKS,
SANDRA LA DU-IVES, LINCOLN COUNTY,          OPINION and ORDER
JEFF JAEGER, DAVE MANNINEN,
CORRECT CARE SOLUTIONS, JORGE DOMINICIS,       18-cv-540-jdp
BABATUNDE OKULEYE, RUSSELL CREEL,
HOLLY MARON, KRISTIN GAICHE,
JESSE BORCHARDT, JOHN MEIXNER,
and AMY KUBISIAK,

                Defendants.

---

This is a lawsuit about the adequacy of plaintiff Dante Voss's medical care at the Lincoln County jail and Marathon County jail between 2015 and 2017. Four matters are before the court: (1) defendants' motion to compel Voss to authorize the release of his medical records, Dkt. 141; (2) Voss's motion to stay the case or dismiss it without prejudice, Dkt. 177; and (3) Voss's motion to compel discovery, Dkt. 149; and (4) Voss's motion for an extension of time to file a reply brief in support of his motion to compel discovery, Dkt. 182. For the reasons discussed below, I will: (1) direct defendants to modify the medical release forms; (2) deny Voss's motion to stay; and (3) grant Voss's motion to compel in part and deny it in part, and (4) deny Voss's motion for an extension of time to file a reply brief in support his motion to compel discovery.

Voss also filed an untitled document in which he asks the court to seal the attachments to Docket179 because those documents contain his Social Security number and birthdate.

Dkt. 181. I will grant that request. Defendants have already filed redacted versions of those documents. Dkt. 183.

ANALYSIS

A.  Medical authorizations

In a previous order, I granted defendants' motion to compel Voss to authorize the release of his medical records, but I stayed a decision on the scope of the release until Voss informed the court whether he will dismiss with prejudice his remaining claims regarding mental health treatment and his request for damages for psychological harm. Dkt. 171, at 12. In his response to the court's order, Voss says that he does wish to dismiss his mental health claims. Dkt. 177. I will construe Voss's response as a motion for leave to amend his complaint under Federal Rule of Civil Procedure 15 to dismiss with prejudice his claim that staff at the Lincoln County jail refused to prescribe valium for him, in violation of the Due Process Clause and state law. *See Taylor v. Brown,* 787 F.3d 851, 857–58 (7th Cir. 2015) (voluntary dismissal of anything less than the entire action should be construed as motion for leave to amend the complaint). And I will grant that motion. Because Voss has no other claims against Babatunde Okuleye, I will dismiss Okuleye from the case. Voss will also be prohibited from seeking damages related to psychological harm.

Now that issues relating to mental health have been removed from the case, Voss need not disclose his mental health records to defendants. In accordance with the court's previous order, this means that defendants are entitled to review Voss's medical records from 2010 to the present, with the exception of records related to mental health, dental, HIV, and drug and alcohol treatment.

For reasons they do not explain, defendants already sent Voss new medical authorization forms. Because I had not yet determined the proper scope of the releases, defendants should have waited. Regardless, the forms defendants sent are not consistent with the court's order.

When defendants originally sent Voss medical authorization forms, defendants used the form prepared by the Wisconsin Department of Corrections. *See* Dkt. 142-1. That form allows the patient to exclude certain categories of medical records, including HIV test results, alcohol and drug abuse diagnosis and treatment, and mental health. Defendants did not use the same form when they sent Voss new requests to release his medical records, again for reasons they don't explain. The new form doesn't exclude any categories of documents. Instead, it says that Voss is authorizing the release of his "complete chart." Dkt. 179-1. The form also says that "the recipient may disclose [the received information] to others," *id.*, which is also inconsistent with the court's order. *See* Dkt. 171, at 8 ("Defendants are not permitted to use information they obtain in discovery for any purpose unrelated to this litigation."). Defendants must send Voss new release forms that make clear: (1) which records are outside the scope of the release; and (2) the limitations on defendants' permissible use of the records. Once Voss receives the new forms, he must sign them. If he fails to do so, defendants may move for sanctions under Federal Rule of Civil Procedure 37(b)(2)(A), including dismissal.

## B. Voss's motion to stay

Voss moves to stay the case "until January of next year or until the court grants [his] motion for reconsideration that [he] will be filing in case number 19-cv-790." Dkt. 177, at 1. In case no. 19-cv-790-jdp, Voss raised numerous claims about alleged denials of Voss's right to have access to the courts, including limitations on the amount of legal loans he was entitled to

borrow for litigation. I dismissed all of his claims on multiple grounds, including that Voss was litigating nine separate cases and had failed to heed the directions of the court of appeals: "like any other civil litigant, [an inmate] must decide which of his legal actions is important enough to fund." *Johnson v. Foster*, 786 F.3d 501, 507 (7th Cir. 2015) (quoting *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003)).

I will deny Voss's motion to stay the case. As I have noted before, it was Voss's choice to litigate so many cases at the same time. It was also Voss's choice to devote his resources to attempts to expand the scope of the case and raise issues of limited relevance rather than focus on the core issues related to his existing claims. For example, just last month, nearly two years after filing this lawsuit, Voss filed a 38-page proposed amended complaint and a 20-page motion for certification of a class. Dkt. 159 and Dkt. 166. That is not the action of someone who is trying to preserve limited resources for the most essential matters. As another example, Voss says that he is going use the limited paper that he has left to file another motion for reconsideration in a closed case. Dkt. 177, at 1.

Voss says that he doesn't have the necessary supplies and resources to continue litigating this case, but he has not provided any evidence to support that allegation. If prison staff refuse to provide assistance that Voss believes is necessary to litigate this case, he may file a motion that: (1) identifies all the steps that he took to obtain assistance; (2) provides evidence that prison staff denied that assistance; and (3) explains with specific facts why he needs that assistance to litigate the case. Voss will also have to show how he has spent the legal loans and any other funds that he has received since he filed this case. At this point, I am not persuaded that Voss is entitled to any relief.

In the alternative, Voss asks the court to dismiss his case without prejudice. But, as noted above, this case has already been proceeding for almost two years, so it is too late to dismiss the case and start again later. If Voss wants to dismiss the case, he is free to do so, but the dismissal will have to be with prejudice.

**C. Voss's motion to compel discovery**

Voss seeks to compel defendants to fully respond to his requests for production of documents. He also moves for sanctions under Federal Rule of Civil Procedure 37. Two sets of requests are at issue, one served on Correct Care and its employees and one served on Marathon County and its employees. I will consider each set separately, followed by Voss's request for sanctions.

　　**1. Motion for an extension of time to file a reply brief**

In a March 17, 2020 letter, Voss said that he doesn't have the resources to file a reply brief in support of his motion to compel discovery. Dkt. 177, at 1. Now Voss has changed his mind, saying that he has the resources to file a reply brief, but he needs an extension of time until April 6. Dkt. 182. I will deny the motion because a reply brief is unnecessary and granting Voss's motion would serve no purpose but to further delay the case. Both sides have fully explained their positions in their opening briefs.

　　**2. Correct Care**

Voss served a set of 24 requests for production on Correct Care. *See* Dkt. 138-1. He is dissatisfied with all but four of Correct Care's responses.

The relevant standard is provided in Rule 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties'

5

relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Most of the information Voss seeks is not discoverable under this standard because nearly all of Voss's requests are vague, overbroad, or seek irrelevant information. Several of Voss's requests seek information about Correct Care's corporate structure, its finances, and its business relationships. *See* Dkt. 138-1, ¶¶ 2, 10, 12, 14–16, 18, 19–20. For example, Voss asks for Correct Care's articles of incorporation, its list of clients, its contract negotiations with the counties, and its "strategies for maximizing shareholder profits." Voss's only explanation for seeking that information is that the "documents are relevant to the proposition that medical care is denied due to cost, and relevant to the policies alleged in the Complaint." Dkt. 150, at 7 (citing Dkt. 1, ¶ 107). But none of the requests are tailored to showing that Voss was denied care for cost-related reasons. The policies alleged in the complaint relate to restrictions on the medications and treatments that Correct Care staff may prescribe. Again, I see little connection between the alleged policies and the information that Voss is seeking.

Other requests are improper for different reasons:

- Some requests seek information that is outside the scope of the lawsuit. *See* Dkt. 138-1, ¶ 4 (information about medical services provided by Correct Care "outside of Lincoln and Marathon County facilities").

- Some requests are significantly overbroad or impose burdens that are not proportionate to the needs of this case. For example, Voss seeks "all grievances [and] complaints" that Correct Care "created or received" and all documents generated in response to those grievances and complaints. *Id.*, ¶ 6. Voss doesn't limit his request by time, place, or subject matter, so nearly all records produced in response to that request would have no probative value in this case. And the burden in producing those records would be extraordinary. *See also id.*, ¶ 9 (seeking the names of every "agency" that has received a complaint about Correct Care or an employee); *id.*, ¶ 13 (seeking "all" contracts between Correct

- Care and the counties); *id.*, ¶ 21 (seeking documents "concerning the operation of" Correct Care).

- Some requests seek information that simply has no bearing on the issues in this case. *See id.*, ¶ 22 (seeking documents concerning "liability and malpractice insurance"); ¶ 23 (seeking documents concerning "indemnification agreements and releases); and ¶ 24 (seeking nondisclosure agreements).

This leaves three requests: (1) documents showing defendants' job duties, *id.*, ¶ 1; (2) Correct Care's medical policies, including those related to its formulary restrictions, prescribing narcotics and/or benzodiazepines, and referrals for off-site medical care, *id.*, ¶ 5; and (3) documents showing which Correct Care employees are responsible for "creating, modifying, amending, and finalizing" medical policies, ¶ 17.

The first request seeks basic information about Correct Care's employees. Correct Care doesn't object to that request on relevance grounds. Instead, it says that it has "not located job descriptions but would be open to producing them for the individuals actually named in this lawsuit." Dkt. 173, at 2. That is not an adequate response. Correct Care must conduct a reasonable search for the job descriptions of the defendants it employs. If it cannot locate those descriptions, it should: (1) submit a declaration from someone with personal knowledge who identifies the steps taken to locate responsive documents and confirms to the best of their knowledge that Correct Care does not possess responsive documents; and (2) provide an interrogatory response as a substitute, explaining the job responsibilities of the defendants it employs.

The second and third requests are overbroad. Voss doesn't need all of Correct Care's medical policies. And any policies about benzodiazepines are no longer relevant now that Voss is dismissing his claims about mental health treatment. But any policies (and the persons responsible for those policies) about formulary restrictions, prescribing narcotics, and off-site

7

referrals are relevant to Voss's allegations that defendants refused to prescribe narcotics and refused to authorize an MRI for Voss. Again, Correct Care doesn't object to these requests on relevance grounds. Instead, it says that it hasn't found any responsive policies "to date" but will provide them if they are located. Dkt. 173, at 3. Correct Care must either provide responsive policies (and the persons responsible for the policies) or submit a declaration from someone with personal knowledge who identifies the steps taken to locate responsive documents and confirms to the best of their knowledge that Correct Care does not possess responsive documents.

3. **Marathon County**

Voss served Marathon County with two sets of requests for production of documents. *See* Dkt. 91-4 and 91-7. Marathon County had not yet responded to those requests when Voss filed his motion to compel, but the county included responses with its brief in opposition to Voss's motion to compel. *See* Dkt. 175-2. To save time and avoid the need for additional motions, I have reviewed the requests and responses.

Marathon County provided responsive documents to many of the requests. And many others relate to exhaustion of administrative remedies, which is no longer a relevant issue. *See* Dkt. 116. Other requests are similar to the overbroad and irrelevant requests that Voss served on Correct Care.

There is one request that requires an additional response. Specifically, Voss asks for "[a]ny and all documents reflecting the job duties of the Marathon County defendants and their agents, such as medical staff." Marathon County objected on the ground that Correct Care employs the medical staff. I agree that Correct Care should be responsible for providing job descriptions for its own employees. But the request also includes "the job duties of the

8

Marathon County defendants," which I construe to mean the defendants employed by Marathon County. Marathon County should comply with that aspect of the request.

   4. **Sanctions**

Voss asks the court to sanction defendants for failing to comply with his discovery requests by entering a default judgment against them. But default judgment is a potential remedy for a party's failure to comply with a court order, not simply failing to provide complete discovery responses. *See* Fed. R. Civ. P. 37(b)(2). Voss also seeks sanctions against Marathon County under Rule 37(d)(1)(A)(ii) for failing to respond within 30 days to his requests for production. But Marathon County had a good reason for not responding. I denied Voss's original motion to compel Marathon County to respond to the same discovery requests because Voss didn't adequately support his motion. *See* Dkt. 92. So if Voss believed that he was still entitled to some or all of the information he was requesting, the proper response was a renewed motion, which is what he filed. He isn't entitled to sanctions under Rule 37.

**D. Schedule**

The remaining question is what to do about the schedule for this case. The original summary judgment deadline was January 31, 2020. *See* Dkt. 47. I stayed that deadline because of the unresolved discovery issues. *See* Dkt. 145. I will set a new deadline of June 1, 2020, which should give the parties more than enough time to prepare a motion. Because the July 20, 2020 trial date is no longer feasible, I will strike that date and all related trial deadlines. I will set a new trial date if necessary after resolving any summary judgment motions.

ORDER

IT IS ORDERED that:

1. Defendants may have until April 8, 2020, to send new medical release forms to plaintiff Dante Voss. The content of the forms should reflect the limitations discussed in this order. Voss may have until April 18, 2020, to sign the forms. If Voss fails to sign the forms by the deadline, defendants may move for sanctions under Rule 37(b)(2)(A).

2. Once defendants receive copies of Voss's medical records, they are directed to provide copies to Voss as well. When defendants have provided Voss with copies of all the medical records they obtain, they should notify the court that they have complied with this order.

3. Voss's motion for leave to amend his complaint to dismiss his claim that jail staff refused to prescribe valium is GRANTED. That claim and defendant Babatunde Okuleye are DISMISSED with prejudice.

4. Voss's motion to stay the case, or, in the alternative for dismissal without prejudice, Dkt. 177, is DENIED.

5. Voss's motion for an extension of time to file a reply brief in support of his motion to compel discovery, Dkt. 182, is DENIED.

6. Voss's motion to compel, Dkt. 149, is GRANTED in part and DENIED in part as described in the opinion. Defendants may have until April 10, 2020, to serve Voss with amended responses.

7. Voss's request to seal the attachments to Dkt. 179 is GRANTED. The clerk of court is directed to seal those attachments.

8. The parties may have until June 1, 2020, to file dispositive motions. The July 20, 2020 trial date and all related deadlines are STRUCK. I will reset those deadlines after resolving any summary judgment motions or, if no party files a summary judgment motion, after the deadline for filing a motion passes.

Entered March 31, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge