IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANTE R. VOSS,

                Plaintiff,

v.

MARATHON COUNTY, SCOTT R. PARKS,
SANDRA LA DU-IVES, LINCOLN COUNTY,        OPINION and ORDER
JEFF JAEGER, DAVE MANNINEN,
CORRECT CARE SOLUTIONS, JORGE DOMINICIS,      18-cv-540-jdp
BABATUNDE OKULEYE, RUSSELL CREEL,
HOLLY MARON, KRISTIN GAICHE,
JESSE BORCHARDT, JOHN MEIXNER,
and AMY KUBISIAK,

                Defendants.

---

Four matters are before the court in this case about plaintiff Dante Voss's medical care while he was housed in the Marathon County and Lincoln County jails between 2015 and 2017: (1) a new brief that Voss filed in support of his motion to compel, which the court denied in a previous order, Dkt. 185; (2) defendant Correct Care Solutions' motion for a protective order, Dkt. 187; (3) Voss's motion for a protective order against defendant Marathon County, Dkt. 197; and (4) Voss's motion for a protective order against defendant Correct Care, Dkt. 208. Voss also asked for an extension of time to file a reply brief in support of his motion for a protective order against Marathon County. Dkt. 236. But the court received Voss's reply brief the same day, so that motion will be denied as moot.

For the reasons discussed below, I will not reconsider the rulings on the motion to compel in light of Voss's new brief; I will approve a revised version of Correct Care's protective order; and I will grant Voss's motions for protective orders in part by allowing Voss to wait

until after defendants' summary judgment motions are resolved to comply with defendants' discovery requests.

ANALYSIS

**A. Voss's new brief in support of his motion to compel**

Voss moved to compel discovery against all defendants. *See* Dkt. 149. After defendants filed their opposition briefs, Voss stated that he wasn't going to file a reply brief. *See* Dkt. 177. Eight days later, Voss changed his mind, and he asked for an extension of time to file a reply brief. *See* Dkt. 181. I denied that motion on the ground that a reply brief was unnecessary and proceeded to rule on Voss's motion to compel, granting it in part and denying it in part. *See* Dkt. 184, at 5–9. Voss filed a reply brief anyway, *see* Dkt. 185, but I took no action on the brief because I had already ruled on the motion.

Now Voss says that he wants the court to construe his reply brief as a motion for reconsideration of the order on the motion to compel. *See* Dkt. 199. I will deny that motion. The reply brief doesn't address any of the reasoning in the court's order, and it doesn't show that any of the court's rulings are incorrect.

**B. Correct Care's motion for a protective order**

Correct Care says that it has policies on handling narcotics and contracting for outside care that are responsive to Voss's discovery requests, but it wishes to keep those policies confidential. As for the narcotics policy, Correct Care says that it should not be

> disclosed to the prison population (or non-medical staff at its facilities) due to clear security reasons. Narcotics are obviously dangerous, addictive drugs with an unlawful secondary market; the Controlled Substance Accountability policy is directly aimed at ensuring narcotic medications aren't taken from the facility or used for unlawful purposes.

Dkt. 187, at 2. As for the policy about contracting for outside care, Correct Care says that it

> does not want inmates to have access to its policy concerning the identification and contracting with outside medical providers for security reasons—Correct Care Health Services Staff will not disclose the exact date and time of outside appointments due to escape concerns, so it undoubtedly doesn't want inmates to learn its outside care measures for the same reason (or be able to identify facilities where inmates may be taken for outside care).

*Id.* at 3. As a result of these concerns, Correct Care says that it wants a protective order under Federal Rule of Civil Procedure 26(c) so that the "policies are kept safe from disclosure to convicted felons at Voss' facility, [and] the general public." *Id.* at 4.

Correct Care's concern is a reasonable one, and Voss doesn't contend otherwise. But that is not the end of the matter. Unfortunately, Correct Care did not send Voss a proposed protective order written in plain language and targeted to its core concern. Instead, Correct Care drafted a four-page proposed order filled with legalese that was designed for more complex cases in which both sides are represented by counsel. *See* Dkt. 187-1. And, as Voss observes, the proposed order fails to take into account Voss's status as a prisoner, which limits his ability to keep documents secure, especially from prison staff.

Correct Care was able to explain the purpose of the protective order in a few sentences in its brief. There is no reason why the protective order itself cannot be similarly straightforward and adapted to the circumstances of this case. So I will grant Correct Care's motion, but I will not adopt its proposed order. Instead, I will enter an order that: (1) prohibits Voss from sharing the policies with other prisoners or the general public; (2) requires him to take steps reasonable under the circumstances to prevent disclosure of the policies; and (3) allows Correct Care to require Voss to return or destroy the policies at the conclusion of the litigation.

## C. Voss's motions for protective orders

Voss requests 120 days to respond to defendants' interrogatories, requests for admission, and request for production. He says that he needs 90 days beyond what is allowed under the federal rules because of "medical issues and lack of access to scribe materials, postage, and a typewriter." Dkt. 197, at 1.

I am not persuaded that any physical or financial disability prevents Voss from responding to defendants' discovery requests. Voss has had no difficulty throughout the course of this litigation filing numerous and voluminous documents when he needs to, as is demonstrated by the 237 docket entries in this case, many of which are Voss's own motions or other documents that he filed. For example, on *one* day in February 2020, Voss filed several motions consisting of more than 150 pages and generating nearly 20 new docket entries. *See* Dkts. 149–67.

That being said, all of the defendants have already filed motions for summary judgment without waiting for Voss to produce the requested information, *see* Dkt. 211; Dkt. 220; Dkt. 228, perhaps realizing that additional discovery wasn't necessary after they deposed Voss. *See* Dkt. 226. It is too late for defendants to use that discovery to support their summary judgment motions, so it makes sense to delay Voss's discovery responses until after the court resolves those motions. That way, Voss can devote his time and resources to his summary judgment responses.

So I will grant Voss's motion for a protective order in part. Voss need not submit discovery responses before the court resolves defendants' motions for summary judgment. If any of Voss's claims survive summary judgment, he will have two weeks to comply with defendants' discovery requests.

4

ORDER

IT IS ORDERED that:

1. Plaintiff Dante Voss's motion for reconsideration, Dkt. 185, is DENIED.

2. Voss's motion for an extension of time to file a reply brief in support of his motion for a protective order, Dkt. 236, is DENIED as moot.

3. Defendant Correct Care Solutions' motion for a protective order, Dkt. 187, is GRANTED as amended. Correct Care may have until June 12, 2020, to produce a copy of its "Controlled Substances Accountability" policy and its "Hospitals and Specialty Care" policy to Voss. Voss may not share those policies with other prisoners or the general public. Voss shall take steps reasonable under the circumstances to protect these policies from being viewed by anyone other than prison staff, defendants, or the court. At the conclusion of this case, Correct Care may require that all copies of the policies in Voss's possession be returned or destroyed.

4. Voss's motions for protective orders, Dkt. 197 and Dkt. 208, are GRANTED in part. If any of Voss's claims survive defendants' motions for summary judgment, Voss may have 14 days from the decision on summary judgment to comply with defendants' discovery requests.

Entered June 5, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge