UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DANTE VOSS,<br><br>                        Plaintiff,<br><br>v.<br><br>MARATHON COUNTY, *et al.*,<br><br>                        Defendant. | Case No. 3:18-cv-00540-jdp |

### RESPONSE TO PLAINTIFF'S
### REQUEST FOR "ACCOUNTING" OF MEDICAL RECORDS (DOC. 243)

Correct Care Solutions, LLC (now known as Wellpath, LLC), Jorge Dominicis, Russell Creel, Holly Maron, Jesse Borchardt, John Meixner, Kristin Gaiche, and Amy Kubisiak (collectively referred to as the "CCS Professionals"), by their counsel Davis & Kuelthau, s.c., submit this short memorandum providing full context to Plaintiff's allegations that Correct Care has failed to provide medical records as required by the Court's March 31, 2020 Order and opposing Plaintiff's request for an "accounting" of those records, as requested in Doc. 243.

### Response to Request for "Accounting"

In the 243rd document filed in this pro se prisoner matter, Plaintiff Dante Voss accuses Correct Care of violating the Court's March 31, 2020 Order (Doc. 184), which required Correct Care (at its own cost) to send Voss copies of any medical records Correct Care obtained with Voss' executed medical authorizations.

This is yet another example of the needless filings plaguing this case (and comes at a time when Voss is claiming to lack resources, including paper, to litigate his claims). Voss specifically claims that Correct Care has failed to provide him records from four providers—Advanced Pain Management, Aspirus, the Department of Corrections, and Correct Care-Waupaca County Jail—and has delayed

production of his other records. (Doc. 243 p. 1). Correct Care, however, has timely (especially in the new COVID-era world) provided Voss with all records *it has thus far received*.

Correct Care filed a formal verification (Doc. 242) listing the records it sent to Voss as of the date of filing. The below list expands on that verification by identifying the exact dates Correct Care received the records and when it forwarded those records to Voss (and also includes the post-verification DOC records sent to Voss):

- Lakeside Neuro.           Received April 13     Sent to Voss on April 27
- Gosse Chiropractor        Received April 13     Sent to Voss on April 27
- CCS HSU documents         Received April 13     Sent to Voss on April 27
- Marathon County Jail      Received April 20     Sent to Voss on May 18 and June 2[1]
- UW Health                 Received May 28       Sent to Voss on June 2
- Ascension Mercy           Received May 28       Sent to Voss on June 2
- Thedacare Waupaca         Received May 28       Sent to Voss on June 2
- Marshfield Clinic         Received May 15       Sent to Voss on June 2
- Department of Corrections Received June 10      Sent to Voss on June 17

(Wiesner Decl. ¶ 2).

Correct Care **has not** yet to date received records from Advanced Pain Management, Aspirus Health, or Valley Neuro, has not even requested records from Waupaca County Jail (and doesn't plan to), and did not receive records from Absolute Health Chiropractic (though it sent Voss the document confirming no records on April 27). (*Id.* ¶¶ 3-5). Importantly, Correct Care only used Voss' Marathon County Jail records in its summary judgment filings.

As to Voss' displeasure with the alleged delays in receiving any records (with two weeks being the longest turnaround), Correct Care's counsel's office was shut down through May 26 due to COVID-19, with mandatory work from home procedures. (Wiesner Decl. ¶ 6). Regardless, counsel or his staff still traveled to their shut-down Milwaukee offices to ensure the timely service of legal documents, including mailing Voss on April 27 the first batch of records Correct Care compiled. Voss got the

---

[1] Note that counsel for Marathon County also provided Voss with an identical copy of these records many months before Correct Care obtained its copy.

records as soon as Correct Care's counsel was able to get to the office and send them amidst the global pandemic.

Voss lastly complains that Correct Care provided him with an electronic version of his Department of Corrections (DOC) records, which span over 2,000 pages, instead of printing and mailing him a hard copy. The expense of providing Voss with a hard copy would exceed $200 in printing costs and $10 in postage.[2] (Wiesner Decl. ¶ 7). Correct Care did not wish to incur these expenses, especially because the DOC records have not been used in any filing (including in any defendants' pending dispositive motions). Correct Care should not be legally forced to incur the expenses to produce and mail a hard copy of materials not yet relevant to this case. Of course, if the Court does not grant Correct Care's pending dispositive motion, and this case proceeds with more discovery, Correct Care would reconsider entertaining whether the DOC records are relevant for trial.[3]

Correct Care ultimately asks the Court to deny the relief (if any) Voss seeks concerning receipt of his medical records—notwithstanding that this response acts as a complete accounting already.

Dated: July 6, 2020.                    **Davis & Kuelthau, s.c.**

By: *Electronically signed by Ryan M. Wiesner*
Ryan M. Wiesner
111 E. Kilbourn Avenue, Suite 1400
Milwaukee, WI 53202
Tel. (414) 276-0200
Fax (414) 278-3643
Email   rwiesner@dkattorneys.com

*Attorneys for CCS Professionals*

---

[2] Note that Correct Care did not receive a hard copy of these materials from the DOC, but received a disc containing the electronic files.
[3] The Court recently stayed all discovery in the case pending resolution of the defendants' pending Rule 56 motions.