IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANTE R. VOSS,

                Plaintiff,

v.

MARATHON COUNTY, SCOTT R. PARKS,
SANDRA LA DU-IVES, LINCOLN COUNTY,         OPINION and ORDER
JEFF JAEGER, DAVE MANNINEN,
CORRECT CARE SOLUTIONS, JORGE DOMINICIS,      18-cv-540-jdp
BABATUNDE OKULEYE, RUSSELL CREEL,
HOLLY MARON, KRISTIN GAICHE,
JESSE BORCHARDT, JOHN MEIXNER,
and AMY KUBISIAK,

                Defendants.

---

This case is about the adequacy of the medical care that plaintiff Dante R. Voss received while he was housed at the Marathon County jail and the Lincoln County jail between 2015 and 2017. Voss alleges that defendant Correct Care Solutions (which provides medical care at both jails), Marathon County, Lincoln County, and their staff failed to provide adequate care for chronic pain in Voss's hip, neck, and shoulder.

All of the defendants have moved for summary judgment. Dkt. 211; Dkt. 220; Dkt. 228. Voss's response to those motions was due on July 1, 2020, but Voss has moved for an extension of time until February 1, 2021, more than six months from now. Dkt. 244. Voss says that he has no funds to litigate, he already used all of the legal loans that he is allowed for 2020, and he won't be eligible for another legal loan until 2021.

This is Voss's third motion to stay for similar reasons, *see* Dkt. 144 and Dkt. 177, and I will deny the motion for essentially the same reasons that I denied the earlier motions, *see* Dkt. 184. First, Voss has alleged throughout the proceedings that he doesn't have the resources

to litigate this case, but that hasn't stopped him from generating a docket sheet that now stands at more than 250 entries. Voss was able to gather the resources necessary to file a 77-page complaint and numerous motions since then when he has wanted court assistance. The only time that Voss says that he doesn't have the resources to litigate is when he needs to respond to something that defendants have filed. So it is far from clear that Voss is unable to prepare a summary judgment response now. I have already alleviated some of the costs of litigation by directing defendants to provide copies of Voss's medical records at their own expense, Dkt. 184, at 10, and by staying defendants' motion to compel discovery until after summary judgment is resolved, Dkt. 241, at 5.

Second, it is not this court's practice to stay cases for long periods of time. *See, e.g.*, *Dunn v. Levine*, No. 15-cv-430-bbc, 2015 WL 4635080, at *3 (W.D. Wis. July 30, 2015) (denying motion to stay while plaintiff was incarcerated); *Maier v. Wood Cty. Courthouse*, No. 07-C-580-C, 2007 WL 3326590, at *1 (W.D. Wis. Nov. 7, 2007) (denying pro se litigant's request for lengthy stay). This case has been proceeding for more than two years, which is already longer than it generally takes to litigate a case from start to finish. Most of the delays so far have been the result of the court granting additional time to Voss for one reason or another. *See, e.g.*, Dkts. 58, 68, 135, 145, 168, and 193. Stopping now, in the middle of summary judgment briefing, would be unfair to defendants, who have already devoted substantial resources to this case and are entitled to a resolution one way or the other.

Third, Voss is in large part responsible for the predicament he now says that he is in. When Voss filed his original complaint, I advised him to consider the scope of his litigation in light of what he could afford to pursue. *See* Dkt. 14, at 2. I have repeated that warning in this case and others that Voss has filed in this court. *See, e.g.*, Dkt. 144, at 2 (warning Voss that he

2

was "overwhelmed and underfunded because he had chosen to litigate too many lawsuits at the same time"). But Voss failed to heed that advice. Even though Voss has had limited resources since the beginning of this case, he has since filed three more lawsuits in this court and approximately *ten* more lawsuits in state court, according to Wisconsin's Circuit Court Access website, wcca.wicourts.gov. The records he has submitted to the court show that, as of April 2020, he had accumulated nearly $1,000 in legal loans from the Department of Corrections. *See* Dkt. 254-4, at 2.

"[P]risoners do not have a right to receive assistance from prison officials to file an unlimited number of lawsuits regardless of the cost." *Ripp v. Nickel*, 838 F. Supp. 2d 861, 866 (W.D. Wis. 2012). Rather, "like any other civil litigant, [a prisoner] must decide which of his legal actions is important enough to fund." *Johnson v. Foster*, 786 F.3d 501, 507 (7th Cir. 2015) (quoting *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003)). Because it was Voss's choice to litigate so many cases at the same time, he cannot complain when he inevitably runs out of funds to keep so many cases afloat.

Even in the context of just this case, Voss's litigation strategy has not reflected his limited means. Voss hasn't hesitated to aggressively litigate even peripheral issues and to seek multiple rulings on the same issue. *See, e.g.*, Dkt. 12 (refusing to comply with court's order to clarify the scope of his lawsuit and instead seeking reconsideration); Dkt. 19 (seeking recruitment of counsel less than a month after the court denied his previous request); Dkt. 24 (seeking reconsideration of screening order); Dkt. 49 (seeking preliminary injunctive relief against nonparties); Dkt. 74 and Dkt. 90 (seeking to stay discovery against himself while at the same time moving to compel discovery that he didn't need); Dkt. 79 (seeking leave to file redundant complaint); Dkt. 1 and Dkt. 155 (raising claims about mental health care and

seeking damages for emotional distress and then seeking a protective order against discovery of information related to those claims); Dkt. 177, Dkt. 181, and Dkt. 185 (informing the court that he wasn't going to file a reply brief, then asking the court for an extension of time to file such a brief after the deadline expired, and then moving for reconsideration and filing a 13-page brief and 56-page declaration (including exhibits) after the court denied the motion).[1]

One of the more recent examples of Voss's wasteful litigation tactics occurred in February 2020, when Voss filed several new motions, including a 38-page proposed amended complaint and a 20-page motion for certification of a class, both of which sought to dramatically expand the scope of the case, more than a year and a half after Voss filed his original complaint. *See* Dkt. 159 and Dkt. 166. As I pointed out in a previous order, "[t]hat is not the action of someone who is trying to preserve limited resources for the most essential matters." Dkt. 184, at 4.

The source of the problem is revealed in Voss's motion to stay. Voss's view is that he is entitled to a legal loan to file "any pleading that is not frivolous." Dkt. 244, at 3. That is not the law. As I have informed Voss before, "prisoners are not entitled to limitless supplies of [mailing and other basic scribe] materials"; rather, they are entitled "to that amount minimally necessary to give them meaningful access to the courts." *Gentry v. Duckworth*, 65 F.3d 555, 558 (7th Cir. 1995). *See also Lewis v. Sullivan*, 279 F.3d 526, 530 (7th Cir. 2002) (no access to courts violation when there is "no real limit on access to courts by prisoners who use their options carefully and responsibly"). In this case, Voss squandered the limited resources he had,

---

[1] Voss's filings in his other cases in this court reveal a similar pattern of wasteful litigation tactics. *See* Case No. 18-cv-790-jdp, Dkt. 18 (filing 36-page proposed amended complaint that raised numerous new claims and was three times longer than the original complaint); *id.* at Dkt. 21 and Dkt. 22 (filing 24-page motion for reconsideration and 10-page declaration).

so I am not persuaded that he is entitled to a lengthy stay of the case for his failure to anticipate a predictable outcome.

Fourth, and finally, even if I were to stay this case until 2021, Voss's history in this court suggests that he would soon run into the same problem again. Voss has received two new legal loans since he filed this case (in early 2019 and again in 2020), but as discussed above, he made no effort to manage those funds responsibly. Voss is not entitled to an open-ended litigation schedule simply because he is unable to prioritize his legal needs.

So I decline to stay this case until February 2021. But I will give Voss an additional 45 days to respond to defendants' summary judgment motions, which gives him three months in total since defendants filed the motions. No further extensions will be granted.

One other issue is before the court. Voss filed a letter in which he complains that defendants have been slow to produce copies of some of his medical records from third-party providers while he was not in defendants' custody, and that he hasn't yet received all of the records from those providers. Dkt. 243. In a second letter, he objects that defendants provided his medical records from the Wisconsin Department of Corrections in electronic format. He says that he needs paper copies because he is only allowed to view electronic materials for one hour each week. Dkt. 247.

These are yet more examples of Voss's attention to matters that have little bearing on the important issues in this case. Defendants represent that they have provided all of the medical records that they have received. *See* Dkt. 251. Defendants say that they are still waiting on some of the records, and that they didn't receive or didn't request other records that Voss mentions in his letter. Voss isn't entitled to records that defendants don't have. It's undisputed that defendants provided Voss all of his medical records from the time that he was incarcerated

5

in Lincoln County and Marathon County, which are the only records that defendants relied on in their summary judgment motions.

As for Voss's objection about his records from the Wisconsin Department of Corrections, defendants say that there were more than 2,000 pages of records, so they provided them in electronic format to save on shipping costs. In his letter, Voss ignores that he already received 1,200 pages of paper medical records from the department. *See* Dkt. 126. More important, all of the records from the department postdate the relevant events in this case, and defendants did not rely on department records in their summary judgment motions.

Voss says that the department's records are evidence of the "standard of care that CCS defendants should have provided." Dkt. 147. He doesn't explain what he means by that or how his medical treatment in the Wisconsin Department of Corrections would help him show that defendants violated his rights. And he doesn't explain why he needs more than an hour a week to review the electronic records. In any event, Voss isn't entitled to force defendants to pay for copies of records that they aren't relying on. Voss's objections to defendants' discovery production is overruled.

ORDER

IT IS ORDERED that:

1. Plaintiff Dante Voss's motion to stay this case, Dkt. 244, is DENIED. Voss may have until September 3, 2020, to file a response to all of the pending summary judgment motions. No further extensions will be granted.

2. Voss's objections to defendants' discovery productions, Dkt. 243 and Dkt. 247, are OVERRULED.

Entered July 17, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge